## Russell *v.* Abbott.

1. It appearing that the defendant in *fi. fa.* offered to sell the claimant certain seed-cotton in consideration of a promissory note for rent of land, due by the former and held by the latter as transferee from the landlord to whom the note was given, and that the claimant replied he would take the cotton on the terms proposed when delivered at a certain gin, but that it was never so delivered, and that the claimant still holds the note, there was not, under these facts, any sale of the cotton to the claimant, but merely an executory contract of sale. Even if the act of December 22, 1884, would otherwise be applicable (Acts of 1884–5, p. 91), it is not so in this case, for the reason that the cotton was never actually turned over and delivered by the tenant in payment of the rent.

2. The verdict of the jury in the justice's court being without evidence to support it and manifestly wrong, the superior court erred in overruling the *certiorari*.      *Judgment reversed.*

February 20, 1893.

Before Judge Milner. Catoosa superior court. August term, 1892. .

A *fi. fa.* in favor of Thomas Russell against J. M. Ivey, issued from a judgment of a magistrate's court dated October 3, 1891, was levied, October 14, 1891, on about 1,500 pounds of seed-cotton, which was claimed by Abbott. The trial in the magistrate's court resulted in a verdict finding the lint not subject and the seed subject. Russell took the cause by *certiorari* to the superior court, alleging that the verdict was contrary to law and evidence. The *certiorari* was overruled, and Russell excepted.

Upon the trial the constable who made the levy testified, that at the time of the levy the cotton was in the crib on the place in the possession of defendant in execution. Claimant testified: I had a note on defendant for $50. Still have it at home. In September, 1891, I had a conversation with him, and he told me he wanted to let me have the first bale of cotton. Was at defendant's house where the cotton was on the day before the levy, which I suppose was the 13th of October. Defendant said he had a bale of cotton out, about 1,500 pounds, and I told him I would take it when delivered at the gin. It was never delivered at the gin. The seed he said he would or had let Russell have. I have never delivered the note to defendant. I did not rent the land to him, but Russell did, and turned the note over to me. Defendant was in possession of the land, cultivated and controlled it. The note is not payable in part of the crop. I told him I would give the note for cotton delivered. Defendant testified: I told claimant in September I would let him have the first bale delivered. Did not say whether 300 or 500 pounds, nor at what price. Told claimant the day before the levy what I had out, being the cotton levied on, which weighed 1,492 pounds. He said he would take it delivered at the gin, but it was not de-

livered there. First said he would take it if delivered the next Saturday, but I told him the weather was good to work; and he then said, deliver it any time, that he would take it. He was only to have the lint, not the seed. The cotton never has been delivered at the gin. The cotton levied on is the first bale I picked out of my crop of 1891.

W. E. MANN, for plaintiff.
R. J. & J. McCAMY, *contra.*