5439.    EDERHEIMER, STEIN & COMPANY *v.* CARSON.

This court having held, on the evidence set out in the petition for certiorari, that the plaintiffs were entitled to recover, and it appearing, from the subsequent answer of the judge of the city court, that the evidence was correctly set out in the petition, the judge of the superior court should have entered up final judgment in favor of the plaintiffs.

DECIDED MAY 14, 1914.

Certiorari; from Tift superior court—Judge Thomas. December 15, 1913.

A verdict in this case was rendered in the city court in favor of the defendant, and the case came to the Court of Appeals on exceptions to the refusal of the plaintiffs' motion for a new trial. This court reversed the judgment and held that the evidence demanded a verdict in favor of the plaintiffs. 7 *Ga. App.* 304 (66 S. E. 814). The defendant then amended his plea, and set up discharge in bankruptcy. A motion to strike this plea was overruled, and at the conclusion of the evidence on the trial, the court directed

a verdict for the defendant, on the ground that he had been discharged in bankruptcy. The plaintiffs presented to the judge of the superior court a petition for certiorari. He refused to sanction the petition, and this court reversed that judgment and held, (1) that the defendant was estopped from setting up discharge in bankruptcy, and (2) that on the evidence set out in the petition for certiorari the plaintiffs were entitled to recover, under the former decision of this court. 11 *Ga. App.* 486 (75 S. E. 828). Afterwards the judge of the city court answered the petition for certiorari, and in his answer admitted that the evidence introduced on the trial was correctly set out in the petition. The judge of the superior court thereupon passed an order sustaining the certiorari and remanding the case to the city court for a new trial. To this judgment the plaintiffs excepted, contending that the judge of the superior court should have entered final judgment in their favor, there being no issue of fact to be passed upon in the city court.

*J. B. Murrow, J. J. Murray,* for plaintiffs.

ROAN, J. When this case was first before this court, it was held that the evidence demanded a verdict in the plaintiffs' favor. And when the case afterwards came up, on the refusal of the judge of the superior court to sanction the plaintiffs' petition for certiorari, the Court of Appeals ruled that the defendant was estopped from setting up discharge in bankruptcy as a defense, and again ruled that the plaintiffs were entitled to recover, as a matter of law, on the evidence in the case. These two decisions (cited supra) seem to have eliminated all questions of fact from the case; and, there being no question of fact involved which made it necessary to send the case back for a hearing on its merits before the city court, it was the duty of the judge of the superior court to make a final decision in the case without sending it back to the city court. Civil Code, § 5201; *Greenwood* v. *Boyd & Baxter Furniture Factory,* 86 *Ga.* 582 (13 S. E. 128) ; *James* v. *Smith,* 62 *Ga.* 345.

*Judgment reversed.*