### 38840. TREADWELL v. CITY OF SOCIAL CIRCLE.

TOWNSEND, Presiding Judge. 1. *Code* § 19-501 provides in part that in certiorari proceedings "in all cases when the error complained of is an error in law which must finally govern the case, and the court shall be satisfied there is no question of fact involved which makes it necessary to send the case back for a new hearing before the tribunal below, it shall be the duty of the said judge to make a final decision in said case, without sending it back to the tribunal below." In all cases where the facts are undisputed and a question of law only is involved, it is error to remand the case to the trial court without rendering a final decision. *Ederheimer, Stein & Co. v. Carson*, 14 Ga. App. 541, 542 (81 S. E. 815); *Rogers v. Echols*, 50 Ga. App. 711 (8) (179 S. E. 131).

2. The defendant was charged and tried in the Recorder's Court of the City of Social Circle for operating a business without a license on September 14, 1960. The answer of the trial judge certifies that he was convicted under the city ordinance set out in the application for certiorari, which is an ordinance "Providing for business license taxes for business transacted in the City of Social Circle for the fiscal year beginning January 1, 1952, and ending December 31, 1952" and which provides it shall be unlawful to carry on the businesses therein stated "without first applying to the clerk and obtaining a license for carrying on said business or occupation as may be subject to the City of Social Circle business license tax for the

year 1952." "The unambiguous words of a criminal statute are not to be altered by judicial construction so as to punish one not otherwise within its reach." Viereck v. U. S., 318 U. S. 236 (6) (63 S. Ct. 561, 87 L. Ed. 734) ; Waldroup v. State, 198 Ga. 144, 145 (30 S. E. 2d 896, 153 A. L. R. 914). The ordinance in question clearly limits its efficacy to the calendar year 1952; nowhere is it made applicable to any other year. Accordingly, since it was not in effect in the year 1960, an act committed in 1960 does not in any event come within its terms and the conviction was contrary to law.

3. Hardy v. Mayor &c. of Eatonton, 128 Ga. 27 (2) (57 S. E. 99) and similar cases cited by the defendant in error are not in point here. While it is true that one who wishes to challenge the validity of an ordinance must do so in the trial court and at the first opportunity, no contention is made here that the ordinance of 1952 was not a valid ordinance, but only that the defendant cannot be convicted thereunder on the undisputed facts of this case.

The judge of the superior court did not err in holding that the judgment of the recorder's court should be set aside. He did err in directing that a new trial be had instead of entering up a final judgment in favor of the defendant.

Judgment affirmed in part and reversed in part. Frankum and Jordan, JJ., concur.

DECIDED MAY 12, 1961.

Alfred A. Quillian, for plaintiff in error.
Wm. L. Preston, contra.

