**THOMAS D. FLOOD, INC., by and through its agent, Arvern Plumley, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 3175.**

District of Columbia Court of Appeals.

Argued March 18, 1963.

Decided April 25, 1963.

Saul M. Schwartzbach, Washington, D. C., for appellant.

Ted D. Kuemmerling, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair and Joseph G. Hitselberger, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

Appellant was found guilty of violating Section 301 of the District of Columbia Plumbing Code and ordered to pay a $50 fine or submit to a thirty-day jail sentence. Section 301 provides in part:

"It shall be unlawful for any person, firm or corporation, to display a sign stating or implying that he or they are carrying on the business of plumbing work, or to advertise by means of business cards, stationery, or any publication, claim orally to a prospective customer, or otherwise indicate that they are doing a plumbing business or are offering to do plumbing, unless they are licensed as provided in these regulations."

The facts in this case indicate that sometime in 1961 appellant, a licensed plumber, purchased the plumbing business of Thomas D. Flood, Inc. In the fall of 1961 an advertising salesman from the telephone company contacted appellant regarding advertising for the classified pages of the telephone directory. At the salesman's suggestion, appellant applied for listings in the directory under the names of both "Thomas D. Flood, Inc." and "Plumley the Plumber, Inc.," the latter being the new trade name which appellant intended to use.[1] The advertisement in the name of "Thomas D. Flood, Inc." was taken upon the salesman's recommendation that appellant would thereby retain firm customers who might be confused by listings in the directory of other plumbers similarly named Flood. The advertisement would also be an insurance fac-

tor for any contractual obligations which the firm had incurred and which appellant had now assumed.[2]

The two advertisements appeared in the classified directory published in April 1962. On December 31, 1961, the plumbing license of Thomas D. Flood, Inc. had expired. It was not renewed. It is uncontroverted that "Plumley the Plumber, Inc." and Arvern Plumley, the individual, were validly licensed prior to April 1962 and at all times thereafter. Appellant's conviction rested on the determination that he acted as agent for Thomas D. Flood, Inc. in placing the advertisement which was published at a time when no license existed in the name of Thomas D. Flood, Inc.

At the outset we are troubled by the caption on the information titled "Thomas D. Flood, Inc., by and through its agent Arvern Plumley."[3] Indeed, the government's entire case is bottomed on the contention that Thomas D. Flood, Inc., rather than Arvern Plumley, had failed to obtain the necessary license. Yet it is evident from the record that the trial court considered Arvern Plumley, the individual, the only defendant in this case.

In our view it is unnecessary to consider the many questions of error assigned by appellant. We are content to rest on the well-settled principle that criminal prosecution and conviction for a violation of the law requiring a license will lie where, and only where, the accused's conduct comes within the condemnation of the statute or regulation sought to be enforced.[4] The

1. On February 28, 1962, the articles of incorporation of the Thomas D. Flood corporation were amended by changing the name from "Thomas D. Flood, Inc." to "Plumley the Plumber, Inc."

2. It should be noted that the phone number accompanying the "Thomas D. Flood, Inc." listing was identical with the number accompanying the "Plumley the Plumber, Inc." listing. However, no testimony was introduced indicating what response awaited a customer dialing the "Thomas D. Flood, Inc." number.

3. See Judge Lynch International Book & Publishing Co. v. State, 84 Tex.Crim. 459, 208 S.W. 526 (1919).

4. Treadwell v. City of Social Circle, 103 Ga.App. 673, 120 S.E.2d 195 (1961); People v. Knopfer, 192 Misc. 521, 81 N. Y.S.2d 211 (1948); 53 C.J.S. Licenses § 69. See Viereck v. United States, 318 U.S. 236, 63 S.Ct. 561, 87 L.Ed. 734 (1943).

facts of this case show that appellant has not violated Section 301 of the District of Columbia Plumbing Code. The regulation is clear and unambiguous. It reads in part:

"It shall be unlawful for any person, firm or corporation \* \* \* to advertise by means of \* \* \* any publication \* \* \* that they are doing a plumbing business or are offering to do plumbing, *unless they are licensed as provided* in these regulations." (Emphasis supplied.)

We hold that appellant could not be guilty of violating Section 301 since it is unquestioned that he was a validily licensed plumber. For the reasons stated the judgment is

Reversed with instructions to enter judgment of acquittal.