## 60593. TRANSFREIGHT LINES, INC. et al. v. HOYT.

BIRDSONG, Judge.

The appellants were sued by Harvey Hoyt, the appellee here, in the Municipal Court of Savannah for $776.45. Hoyt won a judgment there, and the appellants petitioned the Chatham County Superior Court for a writ of certiorari to review the municipal court judgment. On the ground that the superior court had no jurisdiction to entertain a petition for writ of certiorari from the municipal court in a case involving more than $500, the superior court dismissed the petition for writ of certiorari, and this appeal ensued. *Held:*

The argument of appellee Hoyt is that 1969 Georgia Laws, p. 2857, Sections 6, 7, and 17, pertaining to the Municipal Court of Savannah, provide that the procedure and practice applicable to the superior courts shall apply to the municipal court (Section 6), except that in cases involving not more than $500 the procedure and practice applicable to the justice's courts shall apply to the municipal court; and therefore the mode of appellate review in municipal court cases involving more than $500 is to the Georgia Court of Appeals or Supreme Court, as it is with the superior courts of the state. In conformation of this, Hoyt contends that Section 17 of the Act, provides: "In any action in said [municipal] Court wherein the value of the property in controversy or the amount involved exceeds $500.00 and is not more than $1,500.00 . . . any judgment, order, or ruling of the Court shall be subject to review by the Court of Appeals or the Supreme Court of Georgia, in the same manner that judgments

and orders of the Superior Court are now reviewed. . ." Accordingly, Hoyt argues, the mode of appeal in this case involving $776.45 was to the Court of Appeals or Supreme Court, and not by writ of certiorari to the superior court.

The very next complete sentence of Section 17 provides: "The foregoing shall not be construed as limiting the right to the writ of certiorari." Hoyt admits that this raises a question as to the legislative intent, but contends that it is clear from Acts 1969 and the predecessor Acts of 1927 and 1937 that the legislature intends to conform the practice and procedure of the Savannah Municipal Court to that of the superior court in controversies involving amounts "in the upper range of the municipal court's jurisdiction."

We disagree. We think the legislative intent is very clear that the appellants had the right to writ of certiorari in this case.

The language at Section 17 of Acts 1969, p. 2857 at p. 2864 provides that in cases involving more than $500, the municipal court judgment shall be subject to review by the Georgia Court of Appeals or Supreme Court. This language is immediately followed by the words "the *foregoing* shall not be construed as limiting the right to the writ of certiorari." (Emphasis supplied.) This language therefore clearly intends to retain any right to writ of certiorari which formerly existed in cases involving more than $500. It cannot conceivably be said that this language refers only to cases of less than $500, since "the foregoing," to which it expressly applies, refers only to cases in excess of $500. Further, the sentence immediately following this retention of the right to writ of certiorari confirms what we just said, in pronouncing that "actions involving not more than $500.00 are *likewise* reviewable hereunder. . ." This obviously means that what had previously been said in Section 17 about retaining the right to writ of certiorari applies to municipal court cases involving more than $500 and not more than $1,500.

Under Acts 1927, p. 455 at 456, municipal court jurisdiction extended to cases not exceeding $300. The court enjoyed concurrent jurisdiction with the justice's court, where jurisdiction was limited to cases involving $100 or less (Section 4, p. 457); it enjoyed concurrent jurisdiction with the superior court in cases exceeding $100 and less than $300 (Section 5, p. 457). This is the same "bifurcated" system utilized (in greater jurisdictional amounts) in Acts 1969. However, contrary to what Hoyt contends, Acts 1927 provides that *in the upper ranges of municipal court jurisdiction,* there existed the right to writ of certiorari. That is, Acts 1927, Section 13, p. 461, provides that "an appeal to the Superior Court of Chatham County from the judgment of said municipal court, in all cases in which the principal sum . . . in controversy, exceeds ($100) and is not over ($300), *shall be by writ of*

*certiorari. . . "* (Emphasis supplied.) Three hundred dollars was as high as municipal court jurisdiction went in those days; yet for that amount the right to writ of certiorari to the superior court was distinctly provided, even though the practice and procedure in such cases was to be the same as that of the superior court (Section 5). Acts 1937, pp. 1203, 1210 gave the right of appeal to the Court of Appeals or Supreme Court but did not mention any abrogation of the right to writ of certiorari.

Appellee Hoyt argues that retaining this right to writ of certiorari bifurcates the appeal process and offends the 1969 legislative intent to conform the municipal court practice and procedure to that of the superior court in cases involving amounts exceeding $500. We certainly do not agree, since as we just pointed out this same procedural conformity existed in 1927 side by side with the right to writ of certiorari, and it is clear from Section 17 of Acts 1969 that the legislative intent to conform procedure to that of the superior court and provide for appellate review does not limit the coextensive right to writ of certiorari in cases involving more than $500. We think the legislative intent is not susceptible to the controversy made of it by the appellee, nor to the reasoning he employs to remove the appellant's right to the writ of certiorari. Accordingly, we reverse the superior court's dismissal of the petition for writ of certiorari, and remand the case with instructions that the appellant's petition be entertained in accordance with the clear mandate of Acts 1969, Section 17.

*Judgment reversed. Deen, C. J., and Sognier, J., concur.*

ARGUED SEPTEMBER 9, 1980 — DECIDED
NOVEMBER 14, 1980 —
REHEARING DENIED DECEMBER 3, 1980.

*Gustave R. Dubus, III,* for appellants.
*Edward T. Brennan,* for appellee.