62388. HOYT v. TRANSFREIGHT LINES, INC. et al.

BIRDSONG, Judge.

Scope of Review on Certiorari. The appellant Harvey Hoyt shipped his personal household goods and belongings from England to Atlanta. He consigned those goods to Transfreight Lines, Inc. in England for shipment to New York. It appears that in New York the goods were further transhipped from New York to Atlanta by Allied Van Lines. Once delivered to Hoyt's home in Atlanta, Hoyt engaged the appellee, Cathcart Allied Storage Co. Inc., to unpack the goods. Work orders indicate that on two different days in October 1978, Cathcart moved some luggage from a hotel to Hoyt's residence and on another day Cathcart unpacked the goods delivered by Allied to Hoyt's residence. On the contract calling for the unpacking, Mrs. Hoyt indicated that certain of the goods delivered from England to the Hoyt home had been damaged or were missing. Ultimately the value of these goods was determined to be in excess of $700. Hoyt brought suit in the Municipal Court of Savannah against Transfreight and Cathcart alleging that as common carriers they were charged with extraordinary care and were thus responsible for the damage in shipment. Apparently based upon the documents providing for Cathcart's services, the municipal court entered judgment for the Hoyts. Transfreight and Cathcart sought certiorari to the superior court. Certiorari was granted (see *Transfreight Lines Inc. v. Hoyt,* 156 Ga. App. 658 (275 SE2d 362)). At the hearing de novo before the superior court it was established that Transfreight's obligation ended when the goods were delivered in New York. While there was a showing that the goods apparently were delivered intact to Transfreight in England, there was no showing that the goods were damaged while in transit from England to New York while under bailment to Transfreight. Testimony was offered that the goods were delivered from New York to Atlanta by Allied and left at Hoyt's home. Hoyt then engaged the services of Cathcart to unpack the cartons. While Cathcart did deliver certain luggage from a hotel to the Hoyt home, no claim for damage resulted from this delivery. The

invoices for the work performed by Cathcart showed certain charges for rental of a truck for one day (apparently to transport the workers from Cathcart's facilities to Hoyt's home) and an hourly wage for three workers in unpacking cartons. An officer of Cathcart corroborated and substantiated the work performed and the manner of performance. The superior court found that the findings of fact and conclusions of law (based upon those findings of fact) rendered by the municipal court were unsupported by fact and sustained the certiorari. There being no contested issues of fact, the superior court entered final judgment for Transfreight and Cathcart. Hoyt brings this appeal contending that there were factual issues appearing on the face of the documents offered by Cathcart, i.e., that Cathcart was a common carrier, an agent of Allied, and because a $12 charge was made for the use of a truck, this allowed a conclusion that goods were "transported." In view of "factual issues" remaining in the case, Hoyt argues that the superior court should have remanded the case back to the municipal court for a rehearing. See Code Ann. § 19-501; *City of Atlanta v. Whitten,* 144 Ga. App. 224 (240 SE2d 771).

Appellant Hoyt approaches this appeal contending that the "any evidence" rule should have been applied by the superior court and because as Hoyt views the documentary evidence there were issues of fact, the case should have been remanded to the municipal court. Pretermitting whether the superior court could "substitute his findings" for those of the municipal court, we are in basic disagreement with Hoyt as to the facts ultimately found or the interpretation thereof. There is a stipulation entered into by the parties and approved by the superior court of the hearing before the certiorari court. It is uncontested that the witnesses who testified before the superior court also testified the same way before the municipal court. The same documents were before the two courts. We agree with the superior court that Hoyt failed in his proof to show that damage to his goods occurred while in the possession of Transfreight or was otherwise caused by Transfreight. Apparently Hoyt does not dispute this finding and conclusion by the superior court as to Transfreight inasmuch as Hoyt has abandoned so much of his appeal as it relates to Transfreight. As to Cathcart, the municipal court erroneously found that Cathcart had delivered the goods from New York to Atlanta and as common carrier was responsible for the damage. However, once again we agree with the superior court that there is no evidence that Cathcart was the common carrier for transport of the damaged goods. The evidence shows both by the documentary evidence and the testimony of Cathcart's officer that all Cathcart did was to unpack goods already delivered. Thus Cathcart did not act as common carrier and there is no evidence

offered by Hoyt that Cathcart caused any damage in its unpacking duties. Inasmuch as there were no disputed issues of fact, it was not error for the superior court to enter final judgment. *Jackson v. Wilson,* 152 Ga. App. 250, 254 (3) (262 SE2d 547). There being persuasive evidence to support the finding and conclusions of the superior court, we will affirm the judgment of that court. *Treadwell v. City of Social Circle,* 103 Ga. App. 673 (120 SE2d 195).

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 23, 1981.

*James R. Gardner,* for appellant.
*Gustave R. Dubus III,* for appellees.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*