**THIRD DIVISION
DOYLE, P. J.,
GOBEIL, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**October 11, 2023**

# In the Court of Appeals of Georgia

A23A0872. ALGER v. ATLANTA AUTO RESTORATION, LLC.

GOBEIL, Judge.

After Teddy B. Alger obtained a default judgment against Atlanta Auto Restoration, LLC ("Atlanta Auto") in the Magistrate Court of Henry County, Atlanta Auto filed a motion to set aside. The magistrate court denied the motion, and Atlanta Auto filed a petition for a writ of certiorari in the State Court of Henry County, which was transferred to the Superior Court of Henry County. The superior court found default judgment was improperly entered and remanded the case to the magistrate court to enter a new order granting the motion to set aside. Alger then sought discretionary review of the superior court's order, which we granted. On appeal, in several interrelated enumerations of error, Alger argues that the superior court erred in granting the writ of certiorari and finding that Alger's service of the underlying

lawsuit to Atlanta Auto was improper. For the reasons that follow, we reverse the superior court's judgment, and remand the case for proceedings not inconsistent with this opinion.

> The appropriate standard of review to be applied to issues of fact on writ of certiorari to the superior court is whether the decision below was supported by any evidence. On appeal to this Court, our duty is not to review whether the record supports the superior court's decision but whether the record supports the initial decision of the local governing body or administrative agency.

*City of Atlanta v. Smith*, 228 Ga. App. 864, 865 (1) (493 SE2d 51) (1997) (citation and punctuation omitted). "A trial court's finding of insufficient service of process will be upheld on appeal absent a showing of an abuse of discretion. Such an abuse occurs where the trial court's ruling is unsupported by any evidence of record or where that ruling misstates or misapplies the relevant law." *Williams v. Abebe Sandy Ventures, LLC*, 366 Ga. App. 883, 885 (884 SE2d 576) (2023) (citation and punctuation omitted).

The relevant facts in this case are undisputed. In March 2020, Alger sued Atlanta Auto, a duly registered limited liability company ("LLC") in the State of Georgia, in magistrate court seeking damages from an alleged breach of an oral

contract. Alger attempted to serve process on Atlanta Auto's registered agent, but the listed address for the registered agent was vacant and Atlanta Auto had failed to update the address with the Secretary of State. Accordingly, the process server returned the entry of service as "non est." Alger then served the Secretary of State pursuant to OCGA § 14-11-209 (f), which permits such service if the registered agent "cannot with reasonable diligence be found at the registered office[.]" On May 1, 2020, the Secretary of State acknowledged service of process, which was filed on May 8, 2020.

Atlanta Auto did not file an answer to Alger's complaint. On October 10, 2020, Alger moved for default judgment. Following a hearing on December 20, 2020, a transcript of which does not appear in the record, the magistrate court entered default judgment against Atlanta Auto on January 27, 2021. On February 10, 2021, Atlanta Auto moved to set aside the default judgment, arguing that it lacked notice of the proceeding and first learned of the action after Alger's attorney delivered notice of the default at its place of business. According to Atlanta Auto, Alger knew where the company had its principal place of business, but never attempted to serve process at that location. Atlanta Auto maintained that Alger's failure to serve the business where Alger knew service would be effective violated its due process rights.

3

Following a hearing on February 26, 2021, a transcript of which does not appear in the record, the magistrate court denied the motion to set aside. The court found that Atlanta Auto did not challenge jurisdiction[1] and that there was no other basis for setting aside the judgment under OCGA § 9-11-60 (d).[2] Noting that Atlanta Auto failed to maintain the registered office of its registered agent, the court found

---

[1] The magistrate judge expressly noted in its order that Atlanta Auto "in fact argues this [c]ourt does have jurisdiction over the parties." However, in its motion to set aside, Atlanta Auto argued that it was never served process and did not receive notice of the action. Although Atlanta Auto phrased its argument as lack of "notice" rather than lack of personal jurisdiction, insufficient service of process necessarily connotes lack of personal jurisdiction. See *Wellman v. JP Morgan Chase Bank, N.A.*, 347 Ga. App. 118, 120 (817 SE2d 567) (2018) ("Until service is perfected or waived, there is no 'pending suit,' and the trial court has no jurisdiction or authority to enter any ruling in the case except for a ruling dismissing the case for lack of jurisdiction.") (citation and punctuation omitted).

[2] Under OCGA § 9-11-60 (d), a trial court is authorized to set aside a judgment based upon:

(1) Lack of jurisdiction over the person or the subject matter;

(2) Fraud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant; or

(3) A nonamendable defect which appears upon the face of the record or pleadings. Under this paragraph, it is not sufficient that the complaint or other pleading fails to state a claim upon which relief can be granted, but the pleadings must affirmatively show no claim in fact existed.

4

that Atlanta Auto had been properly served through the Secretary of State. Additionally, the court stated that Atlanta Auto had failed to meet its burden to show its entitlement to reopen the default judgment, pursuant to OCGA § 9-11-55 (b), highlighting that Atlanta Auto admitted that its registered agent had not been at the location registered with the Secretary of State for some time and it never updated this information.

Atlanta Auto filed a notice of appeal to the state court and also petitioned for certiorari, seeking review of the magistrate court's ruling. The state court transferred Atlanta Auto's petition for a writ of certiorari to the superior court. See OCGA § 5-4-3[3] ("When either party in any case in any inferior judicatory or before any person exercising judicial powers is dissatisfied with the decision or judgment in the case,

---

[3] The legislature has repealed the Certiorari to Superior Court provisions, OCGA §§ 5-4-1 to 5-4-20. See Ga. L. 2022, p. 825 §§ 1-2. Effective July 1, 2023, the Georgia General Assembly enacted the Superior and State Court Appellate Practice Act, OCGA § 5-3-1 et seq. (the "2023 Act"), which establishes a uniform procedure for appeals from inferior courts, such as the magistrate courts, to state or superior courts. See Ga. L. 2022, p. 875; OCGA § 5-3-2 (b) (1) ("[i]t is the intent of the General Assembly in enacting this chapter to . . . [p]rovide a single, modern, and uniform procedure called a 'petition for review' for appealing a decision made by a lower judicatory to a superior or state court, as authorized by the laws and the Constitution of this state"). The 2023 Act retains the substance of the former Code section by providing, in new OCGA § 5-3-4 (a), that "the superior and state courts shall have appellate jurisdiction pursuant to this chapter over a final judgment of a lower judicatory." This opinion refers to the former Code sections because the events underlying this appeal predate the effective date of the 2023 Act.

5

the party may apply for and obtain a writ of certiorari by petition to the superior court for the county in which the case was tried, in which petition he shall plainly and distinctly set forth the errors complained of."). The superior court subsequently sanctioned Atlanta Auto's amended and recast petition for a writ of certiorari.

Following a hearing, the superior court issued its ruling, determining that Alger was not authorized to serve process through the Secretary of State and thus default judgment was improperly entered. The superior court remanded the case to the magistrate court to reverse its ruling and grant the motion setting aside the default judgment. Alger sought discretionary review of this ruling to this Court, arguing that service of process via the Secretary of State was proper and that the superior court made improper factual findings regarding the validity of service of process. We granted Alger's application in Case No. A22D0264 (March 17, 2022), and the instant appeal followed.

1. Alger contends that the superior court erred in granting the writ of certiorari and in finding that service by Alger to Atlanta Auto via the Secretary of State was improper pursuant to OCGA § 9-11-4 (e) — thereby disregarding OCGA § 14-11-209 (f), the actual provision through which Alger sought to perfect service. He maintains that he perfected service as required by OCGA § 14-11-209 (f) through substitute

6

service upon the Secretary of State. Alger further contends that the superior court disregarded the magistrate court's factual findings on the sufficiency of service and misapplied Georgia law in concluding otherwise.

In its order denying Atlanta Auto's motion to set aside, the magistrate court found that Atlanta Auto failed to maintain its registered office of the registered agent, and thus, did not meet its burden to show that substituted service upon the Secretary of State, pursuant to OCGA § 14-11-209 (f), was improper. See *Hooks v. McCondichie Properties 1, LP*, 330 Ga. App. 583, 586 (1) n. 3 (767 SE2d 517) (2015) (the burden of proving that service of process was improper rests on the party contesting service, and "evidence of impropriety was required to be not only clear and convincing, but the strongest of which the nature of the case will admit") (citation and punctuation omitted). Thus, the magistrate court found that Atlanta Auto had been properly served through the Secretary of State.

In granting Atlanta Auto's writ of certiorari, the superior court found that "there is no evidence that establishes Alger's substituted serviced upon the Secretary of State was proper, nor is there evidence that service on Atlanta Auto was thereby perfected." Specifically, the superior court explained:

7

the magistrate court's order indicated that the court did not find any evidence of a nonamendable defect on the record, finding that Alger "properly substituted the Secretary of State for service of the petition" after "properly notic[ing] [Atlanta Auto] through its registered agent at its registered office of record." The [superior c]ourt finds these statements to be legal conclusions rather than findings of fact. The record is otherwise absent of a consideration of Alger's knowledge of Atlanta Auto's place of business, despite Alger's admissions in judicio that he had at one point returned to Atlanta Auto's place of work and knew its place of business was in Henry County, or whether he attempted service there first. Further, there is no discussion as to whether Alger, having knowledge of Atlanta Auto's business address, knew the location of an individual authorized to accept personal service.

The superior court cited two cases to support its conclusion that service of process on the Secretary of State was improper without first attempting personal service at Atlanta Auto's place of business: *Stone Exchange, Inc. v. Surface Technology Corp. of Ga.*, 269 Ga. App. 770 (605 SE2d 404) (2004), and *Anthony Hill Grading, Inc. v. SBS Investments, LLC*, 297 Ga. App. 728 (678 SE2d 174) (2009). But the pertinent analysis in these two cases involves the application of OCGA § 9-11-4 (e), rather than OCGA § 14-11-209 (f), the service provision that Alger availed himself of in the instant case. First, in *Stone Exchange*, we reversed the trial court's

8

order denying plaintiff's motion to set aside default judgment because under OCGA § 9-11-4 (e) (1) (2002),[4] "substituted service upon the Secretary of State is proper *only* after a plaintiff has attempted to serve the persons listed in the statute and for any reason that attempt is unsuccessful." 269 Ga. App. at 772-773 (punctuation omitted; emphasis in original). The *Stone Exchange* plaintiff had actual knowledge of the corporation's current address and cited no reason why service could not be had at that address on the corporation's president or one of the other persons listed in the statute. Id. at 772. We therefore concluded that because the plaintiff had failed to "attempt such service, it was not authorized under [former OCGA § 9-11-4 (e) (1)] to resort to substituted service on the Secretary of State." Id.

---

[4] Under the version of OCGA § 9-11-4 (e) (1) in effect at that time, in an action against a corporation registered to do business in this State, service of process was to be made

> to the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof, provided that when for any reason service cannot be had in such manner, the Secretary of State shall be an agent of such corporation upon whom any process, notice, or demand may be served.

OCGA § 9-11-4 (e) (1) (2002).

Next, in *Anthony Hill Grading*, the plaintiff attempted to serve a complaint against the defendant LLC to the registered agent, pursuant to OCGA § 14-11-209 (f), but was unable to locate the agent at that address. 297 Ga. App. at 729. The plaintiff then mailed a complaint to the Secretary of State's office. Id. After the defendant failed to file an answer, the trial court entered default judgment in favor of the plaintiff. Id. The trial court subsequently granted the defendant's motion to set aside, which we affirmed on appeal, due to the plaintiff's failure to comply with OCGA § 14-11-209 (f) — by "fail[ing] to supply the Secretary of State with two copies of the process and it failed to state or certify the required information."[5] 297 Ga. App. at 730-731 (1). We went on to highlight that OCGA § 14-11-209 (f) is not "the only means, or necessarily the required means, of serving any process, notice, or demand required or permitted by law to be served on a limited liability company." Id. at 731 (2) (citation and punctuation omitted). Even though not raised by the parties, we found that the plaintiff also failed to properly perfect service under OCGA § 9-11-4 (e) (1), holding that like the plaintiff in *Stone Exchange*, the plaintiff in *Anthony Hill Grading* had knowledge of the location of the defendant's business, but had

---

[5] The General Assembly amended OCGA § 14-11-209 in 2016, and subsection (f) of the revised code section no longer requires that two copies of process, notice, or demand be delivered to the Secretary of State to effect service. See Ga. L. 2016, p. 364 § 4-2.

10

made no attempt to serve anyone at that address before obtaining substituted service through the Secretary of State's office, nor had the plaintiff cited any reason that it could not serve any of the officers, employees or agents of the defendant LLC listed in OCGA § 9-11-4 (e) (1).[6] Id. at 732-733 (2).

We find the instant case to be distinguishable from *Stone Exchange* and its progeny because Alger availed himself of OCGA § 14-11-209 (f), and not OCGA § 9-11-4 (e) to perfect service.[7] See *Williams*, 366 Ga. App. at 888 ("when a court is

---

[6] Since *Stone Exchange* and *Anthony Hill Grading* were decided, the General Assembly amended OCGA § 9-11-4 (e) (2013). Subsection (e) (1) (A) now reads that personal service against a corporation is to be made: "to the president or other officer of such corporation or foreign corporation, a managing agent thereof, *or a registered agent thereof*, provided that when for any reason service cannot be had in such manner, the Secretary of State shall be an agent of such corporation or foreign corporation upon whom any process, notice, or demand may be served." (Emphasis supplied.)

[7] The Georgia "Civil Practice Act [of which OCGA § 9-11-4 (e) (1) is a part] and the Georgia Business Corporation Code [of which OCGA § 14-11-209 (f) is a part] provide alternative methods for obtaining substituted service of process in lieu of personal service on corporate officers or agents." *Daly's Driving School v. Scott*, 238 Ga. App. 443, 443 (519 SE2d 1) (1999). The General Assembly has made this clear in OCGA § 9-11-4 (j), which provides that:

> [t]he methods of service provided in this Code section are cumulative and may be utilized with, after, or independently of other methods of service. Whenever a statute provides for another method of service, service may be made under the circumstances and in the manner prescribed by the statute or under any other methods prescribed in this Code section.

11

assessing whether service has been perfected in a particular case, that court must judge the sufficiency of service in accordance with the mode of service attempted, as different types are permitted by applicable statutes") (citation and punctuation omitted). As previously stated, OCGA § 14-11-209 (f) requires a plaintiff to use reasonable diligence in serving the registered agent of the corporation wherever he can be found in the state unless the corporation has no registered agent.[8] Relying on precedent that involves the application of OCGA § 9-11-4 (e) (1), the superior court found as a matter of law that Alger did not exercise sufficient due diligence because Alger knew the location of Atlanta Auto's business address, but did not first attempt personal service at that address before substituting service on the Secretary of State. The superior court therefore did not properly analyze whether Alger showed, for purposes of OCGA § 14-11-209 (f), that substituted service upon the Secretary of

---

Likewise, OCGA § 14-11-209 has a similar provision: "This Code section does not prescribe the only means, or necessarily the required means, of serving any process, notice, or demand required or permitted by law to be served on a limited liability company." OCGA § 14-11-209 (h).

[8] By contrast, OCGA § 9-11-4 (e) (1) contains no express "due diligence" nor "reasonable diligence" language. See *Daly's Driving School*, 238 Ga. App. at 444-445 (substituted service of process on the Secretary of State under the equivalent code section now found at OCGA § 9-11-4 (e) was proper, even if plaintiff could have located corporation's registered agent at another location, where corporation had vacated addresses it had given the Secretary of State for both its principal and registered offices).

12

State was proper to perfect service on Atlanta Auto. "Because the [superior] court [ ] misapplied the relevant law, the judgment cannot stand." *Williams*, 366 Ga. App. at 888. See *Mathis v. BellSouth Telecommunications*, 301 Ga. App. 881, 881 (690 SE2d 210) (2010) (explaining that where a trial court assesses the sufficiency of service of process, "an abuse [of discretion] occurs where the trial court's ruling . . . misstates or misapplies the relevant law"). Accordingly, we reverse the judgment and the case is remanded to the superior court for proceedings not inconsistent with this opinion.[9]

> We take this time to mention to trial courts and litigants that it might seem as though we are putting form over substance when we remand

---

[9] We also highlight the procedural posture of this case and the applicable standard of review for a superior court on a writ of certiorari. Pursuant to OCGA § 15-10-41 (b) (2), a party may not appeal a default judgment entered in magistrate court; review is limited to a certiorari petition filed in superior court. But this procedural mechanism has its limitations. The writ of certiorari is a means of correcting errors committed by an inferior tribunal; it is not a means of resolving factual disputes or credibility issues. See former OCGA §§ 5-4-1 (a), 5-4-12 (b); *Jackson v. Wilson*, 152 Ga. App. 250, 254 (3) (262 SE2d 547) (1979). Thus, the superior court in this case could only consider whether the magistrate erred as a matter of law in denying the motion to set aside. See *Elrod v. Reliance Dev. Co.*, 350 Ga. App. 113, 117 (2) (828 SE2d 126) (2019) ("Factual disputes regarding service are to be resolved by the trial court[.]") (citation and punctuation omitted). Because the record does not contain transcripts of the hearings held in the magistrate court on December 4, 2020 and February 26, 2021, there is no record of the evidence adduced at these proceedings. See *Butler v. First Family Mortgage Corp. of Florida*, 191 Ga. App. 360, 361 (1) (381 SE2d 551) (1989) ("Where no transcript is provided, it is presumed that the findings of the trial court were supported by the evidence.").

cases such as this for the trial court to apply the proper standard, rather than just reviewing the evidence ourselves under the correct standard. However, the application of the correct standard underpins our system of appellate review and ensures that the factfinder — be that a trial court, administrative tribunal, etc. — is given the appropriate amount of deference as the entity that is tasked with factfinding. Therefore, we find it appropriate and important to insist that it be applied in the first instance.

*T-Mobile South, LLC v. Crittenden*, 364 Ga. App. 523, 532 (1) (875 SE2d 524) (2022) (citation and punctuation omitted). See generally *Burke County v. Askin*, 291 Ga. 697, 701 (2) (732 SE2d 416) (2012) (vacating judgment and remanding case for court to reconsider its decision in light of the applicable legal standard). We further note that nothing in this opinion is intended to indicate how the superior court should rule in this matter after the application of the proper standard of review.

2. Given our disposition in Division 1, we need not reach Alger's remaining arguments on appeal.

*Judgment reversed and case remanded with direction. Doyle, P. J., and Senior Judge C. Andrew Fuller concur.*