## 32667. O'NEAL CONSTRUCTION COMPANY, INC. v. LEXINGTON DEVELOPERS, INC.

HALL, Justice.

This appeal, here on certiorari, involves constructive service of process on a domestic corporation. The facts are set forth in detail in the opinion of the Court of Appeals, 142 Ga. App. 434 (236 SE2d 98) (1977).

O'Neal Construction Co., Inc., plaintiff below, initiated suit against Lexington Developers, Inc., a Fulton County corporation, by service of process on the Secretary of State of Georgia under the provisions of Code Ann. § 22-403 (b) which reads in pertinent part, "Whenever a corporation shall fail to appoint *or* maintain a registered agent in this State, *or* whenever its registered agent cannot with reasonable diligence be found at the registered office, then the Secretary of State shall be an agent of such corporation upon whom any process, notice or demand may be served." (Emphasis supplied.) O'Neal alleged that the reasonable diligence of its agents to locate Lexington's registered agent, Mr. Colodny, had been fruitless. Lexington did not answer; O'Neal received a judgment by default; and Lexington subsequently moved to open the default, alleging that it had never received a copy of the suit, and that O'Neal had actual knowledge of other individuals who might successfully have been served under the provisions of the Civil Practice Act as

officers or agents of Lexington.

At the hearing before the trial judge on Lexington's motion, Lexington's attorney specifically admitted that the registered agent was out of the country when he was sought to be served, and that the address of the corporation's registered office had not been properly maintained in the office of the Secretary of State, so that the office on record was actually defunct. It appeared that Lexington *still* had not corrected this record in the office of the Secretary of State at the time of the hearing.

The trial court refused to open the default; Lexington appealed; and the Court of Appeals reversed on the ground that the CPA required that service be made only by certain individuals, namely the sheriff or his deputy, etc., under Code Ann. § 81A-104 (c), and consequently the "reasonable diligence" required by Code Ann. § 22-403 (b) must be that of this designated person and not that of the would-be plaintiffs and their agents. We granted certiorari on O'Neal's application to consider the relationship of Titles 81A and 22 in this respect.

After reviewing the record and hearing argument, it is our conclusion that the exact issue considered by the Court of Appeals is not presented in this case. We need not ask whose "reasonable diligence" should have been exercised in locating Mr. Colodny, because by Lexington's own admission in judicio no one's reasonable diligence could have found him. Lexington failed to maintain him within the state: it was admitted that at the time of attempted service on him he was in the Middle East and had been for some time. Therefore, under the earlier phrase of Code Ann. § 22-403 (b), because of this failure to "maintain a registered agent in this State," Lexington was properly served by service upon the Secretary of State.

Lexington argues that before service upon the Secretary of State is proper, it is necessary to exhaust other possibilities for service, e.g., Code Ann. § 81A-104 (d)'s permission to serve an officer or other agent. We disagree. The plain language of Code Ann. § 22-403 (b) recites in its closing sentence that "The provisions of this subsection (b) may be used notwithstanding any inconsistent provisions of . . . [Title 81A]." Moreover, the

editorial comment following the statute emphasizes that it is designed to supplement the CPA by adding the registered agent to the list of those who may be served "and thus virtually to eliminate the possibility of a domestic corporation's evading service of process." Kaplan concurs that this provision in the Corporation Code is designed to be cumulative with the CPA. Kaplan's Nadler, Ga. Corporation Law, § 3-39 (1971). We conclude that nothing in any statute which has been urged by Lexington requires that other methods of service be exhausted before the Secretary of State may be served under Code Ann. § 22-403 (b). This works no hardship on corporations: it merely means that as a condition of doing business they must abide by requirements designed to make it simple for a plaintiff to achieve service on a domestic corporation.

*Judgment of the Court of Appeals reversed; judgment of the trial court affirmed. All the Justices concur, except Marshall, J., who is disqualified.*

ARGUED NOVEMBER 14, 1977 — DECIDED DECEMBER 5, 1977 — REHEARING DENIED DECEMBER 15, 1977.

*Cunningham & Clarke, Raymond A. Cunningham, Brian W. Wertheim,* for appellant.

*Bell & Desiderio, Robert Abrams, Richard Feldman,* for appellee.