72326. D & C TRADING COMPANY, INC. v. INDIAN
PRODUCTS, LTD.
(345 SE2d 865)

BANKE, Chief Judge.
This appeal is from the denial of the appellant's motion to vacate a default judgment entered against it in a suit by the appellee to collect an alleged account indebtedness. At issue is the sufficiency of substituted service effected on the Georgia Secretary of State pursuant to OCGA § 14-2-62 (b).

The suit was filed in the Superior Court of Whitfield County because the records of the Secretary of State disclosed that the appellant maintained its registered office in that county, at 1329 East Walnut Ave., Dalton, Georgia. The Secretary of State's records listed the appellant's registered agent as being one V. N. Kedia. However, neither Mr. Kedia nor any other agent of the appellant was to be found at the address in question, and the deputy sheriff who attempted to effect service there executed a return stating that the appellant was not to be found within the county.

After the sheriff filed his return, the appellee's attorney filed an "Affidavit in Support of Substituted Service," stating that he had no knowledge of any other address for the appellant corporation other than that listed in the Secretary of State's records and that he had no knowledge of the actual whereabouts of any officer of the corporation. Counsel for the appellee subsequently stipulated that another attorney in his firm was acquainted with Mr. Kedia and was aware both that Kedia operated a separate business in Cartersville, Georgia, and that he resided in this state. However, the appellee's attorney denied that this other attorney knew of any connection between Kedia and the present case, and the parties have stipulated that the appellee's attorney himself had no personal knowledge of Kedia's whereabouts.

After filing his "Affidavit in Support of Substituted Service," counsel for the appellee mailed copies of the complaint and summons to the Secretary of State pursuant to OCGA § 14-2-62 (b). The Secretary of State then executed a formal acknowledgment of service and sent a copy of the complaint and summons to the appellant at the registered office by certified mail. This copy was subsequently returned to the Secretary of State stamped by postal authorities as follows: "No forwarding order on file — unable to forward." *Held*:

1. The appellant's initial contention is that substituted service on the Secretary of State must, under the terms of OCGA § 14-2-62 (b), be effected personally rather than by mail. The statute provides,

in pertinent part, as follows: "(b) Whenever a corporation shall fail to appoint or maintain a registered agent in this state, or whenever its registered agent cannot with reasonable diligence be found at the registered office, then the Secretary of State shall be an agent of such corporation upon whom any process, notice, or demand may be served. Service on the Secretary of State of any such process, notice, or demand shall be made by delivering to and leaving with him or with any person having charge of the corporation department of his office or with any other person or persons designated by the Secretary of State to receive such service duplicate copies of such process, notice, or demand."

Pretermitting whether it would otherwise be necessary to effect service on the Secretary of State's office personally to comply with this Code section, we hold that personal service is not required where, as in this case, the Secretary of State formally acknowledges service. Accord *Collinson v. City of Debuque*, 242 Iowa 986 (47 NW2d 839) (1951). See generally OCGA § 9-11-4 (g) (4); *Nash v. Nash*, 198 Ga. 527, 530 (1) (32 SE2d 379) (1944).

2. The appellant contends that the trial court erred in concluding that service had been properly effected in accordance with OCGA § 14-2-62 (b), when, by filing his "Affidavit in Support of Substituted Service," the appellee's counsel had previously evinced an intention to perfect service pursuant to OCGA § 9-11-4 (d) (1). This contention clearly establishes no ground for reversal. The two Code sections provide for alternative methods of service and may be utilized "with, after, or independently of" each other. *Daniel & Daniel v. Stewart Bros.*, 139 Ga. App. 372, 375 (228 SE2d 586) (1976). See also OCGA §§ 9-11-4 (i) and 14-2-62 (b & d); *O'Neal Constr. Co. v. Lexington Developers*, 240 Ga. 376 (240 SE2d 856) (1977). Thus, once it had been established that appellant's registered agent could not with reasonable diligence be found at the company's registered office, the appellee was entitled to effect service on the Secretary of State without regard to how easily the registered agent's new address might have been located. See *Frazier v. HMZ Property Mgt.*, 161 Ga. App. 195, 196 (291 SE2d 4) (1982).

3. We reject the appellant's argument that, under the circumstances of this case, its due process rights were violated by the appellee's resort to substituted service. The Georgia Supreme Court has held that, where the registered agent cannot with reasonable diligence be served at the registered office, service on the Secretary of State in accordance to OCGA § 14-2-62 (b) adequately comports with the requirements of constitutional due process, notwithstanding the ease with which the registered agent's actual whereabouts might have been determined. See *S. Donald Norton Properties v. Triangle Pacific*, 253 Ga. 761 (325 SE2d 160) (1985). Accord *Frazier v. HMZ Property*

*Mgt.*, supra.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED APRIL 30, 1986 —
REHEARING DENIED MAY 23, 1986 —

*Jay E. Loeb*, for appellant.
*Charles Lee Daniel III*, for appellee.