## A99A0892. DALY'S DRIVING SCHOOL, INC. v. SCOTT.
(519 SE2d 1)

Judge Harold R. Banke.

In actions against corporations, the Civil Practice Act and the Georgia Business Corporation Code provide alternative methods for obtaining substituted service of process in lieu of personal service on corporate officers or agents. OCGA § 14-2-62 (b) was the service provision of the Business Corporation Code, but it was replaced by OCGA § 14-2-504 (b) in 1988. OCGA § 9-11-4 (d) (1), the service provision of the CPA, was amended in 1989. This case presents issues concerning these laws.

This is a damage action by Scott against Daly's Driving School, Inc. After certifying that service could not be effected on the school's registered agent Phillips at its registered office on Beaver Ruin Road in Norcross, Georgia, Scott served the Secretary of State pursuant to OCGA § 9-11-4 (d) (1) and then obtained a default judgment. Daly's moved to set aside the judgment under OCGA § 9-11-60 (d) on grounds that Scott knew the school was no longer doing business at its registered office and could have personally served the registered agent or other authorized agent or officer of the corporation at another location. We granted the school's application for discretionary appeal from the trial court's denial of the motion to set aside.

After becoming employed by Daly's in 1993, Scott worked at the school's principal office on Beaver Ruin Road. In 1994, Daly's relocated this office to Jimmy Carter Boulevard. Scott worked there until 1996 when he was transferred to the corporation's satellite office on Lee Industrial Boulevard in Austell.

Scott's employment supervisor was Phillips, who is the president of the school as well as its registered agent for service of process. The school's 1997 registration with the Secretary of State accurately gave Jimmy Carter Boulevard as its corporate address, but incorrectly stated that Beaver Ruin Road was the address of its registered office and agent Phillips.

Scott was terminated from his employment in 1997. He then retained the services of counsel to pursue the present damage claims. In September 1997, counsel for Scott sent a demand letter by certified mail to Phillips at the school's Jimmy Carter Boulevard address. A receipt for this letter was duly signed.

On December 2, Scott's wife sent another letter by certified mail to Daly's also at its Jimmy Carter Boulevard address. But this letter was forwarded to a post office box maintained by Daly's and then returned unclaimed, as the school had again relocated its corporate office. Scott filed this action on December 18.

The school's motion to set aside the default judgment was supported by an affidavit in which Phillips averred that Scott could have

located him at the Austell office or by calling him at a published telephone number for the school of which both Scott and his counsel had actual knowledge. In response, Scott argued that since Daly's had vacated the addresses it had given the Secretary of State for both its principal and registered offices, he was authorized to effect substituted service under OCGA § 9-11-4 (d) (1) without making any additional efforts to effect personal service. The trial court agreed. *Held*:

As a condition of doing business in Georgia, the Business Corporation Code requires each corporation to continuously maintain in this state a registered office and a registered agent. OCGA § 14-2-501.

Under OCGA § 9-11-4 (d) (1), service shall be made by delivering a copy of the summons and complaint "to the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof." When "for any reason" service cannot be had in such manner, OCGA § 9-11-4 (d) (1) makes the Secretary of State an agent of the corporation upon whom process may be served. Before serving the Secretary of State, OCGA § 9-11-4 (d) (1) prior to its 1989 amendment required plaintiff or his attorney to file an affidavit showing that personal service on an authorized officer or other agent of the corporation could not be had within the State. See *Lexington Developers v. O'Neal Constr. Co.*, 142 Ga. App. 434, 438 (1) (236 SE2d 98) (1977), rev'd on other grounds *O'Neal Constr. Co. v. Lexington Developers*, 240 Ga. 376 (240 SE2d 856) (1977). It was therefore clear that service on the Secretary was not authorized under OCGA § 9-11-4 (d) (1) if it were possible to obtain in-state service on any authorized officer or agent of the corporation. See *O'Neal*, supra at 377; *Bricks v. Walker Showcase*, 255 Ga. 122, 124 (1) (336 SE2d 37) (1985).

In 1989, OCGA § 9-11-4 (d) (1) was amended so as to require the plaintiff or his attorney to certify in writing to the Secretary of State that process has been forwarded by registered mail

> to the last registered office or agent listed on the records of the Secretary of State, that service cannot be effected at such office, and that it therefore appears that the corporation has failed either to maintain a registered office or appoint a registered agent in this state.

We conclude that the intent of the 1989 amendment was to permit substituted service on the Secretary of State where the corporation has failed to maintain a registered office or personal service cannot be effected there. This statute thus promotes essentially the same policy as did former OCGA § 14-2-62 (b), which authorized substituted service on the Secretary of State whenever a corporation failed to appoint or maintain a registered agent in this state *or* when-

ever its registered agent could not with reasonable diligence be found at the registered office. *O'Neal*, supra at 376-378. It was thus held that when either condition of the statute was met, the plaintiff was authorized to effect substituted service on the Secretary without regard to how easily personal service on a corporate officer or agent otherwise could have been obtained. See *O'Neal*, supra; *Frazier v. HMZ Property Mgmt.*, 161 Ga. App. 195 (291 SE2d 4) (1982); *D & C Trading Co. v. Indian Products, Ltd.*, 179 Ga. App. 198, 199 (2) (345 SE2d 865) (1986).

As recognized in *Frazier*, supra at 196:

> Title [14] requires corporations to maintain registered agents and registered offices as a condition of doing business in Georgia, so as to make it . . . virtually impossible to evade service of process. [Cits.] . . . [T]he consequence of [imposing a burden on plaintiff to show that they did not know where the registered agent of the corporation might otherwise be found] would be to make service of a corporation an entirely uncertain matter in every case and to make evasion of service an easy proposition. . . . If the corporation complies with statutory requirements for doing business in this state, it will not be deprived of service or notice. . . .

OCGA § 14-2-504 (b) now authorizes service on a corporation by registered or certified mail at its principal office, if the corporation has no registered agent or the registered agent cannot with reasonable diligence be served. OCGA § 14-2-504 (b) thus requires a plaintiff to use reasonable diligence in serving the registered agent of the corporation wherever he can be found in the state unless the corporation has no registered agent. Here, Daly's had a registered agent and a registered office, albeit one that was not maintained. Had Scott sought to utilize OCGA § 14-2-504 (b), he would have been required to exercise due diligence in locating Phillips. Instead, Scott availed himself of OCGA § 9-11-4 (d) (1). These two Code sections provide "alternative" service methods. *Lexington Developers*, supra.

The trial court did not err in holding that in this case substituted service on the Secretary of State was proper under OCGA § 9-11-4 (d) (1).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED MAY 21, 1999 —
RECONSIDERATION DENIED JUNE 7, 1999.

*Robert A. Kaiden*, for appellant.
*Thomas L. Williams*, for appellee.