A04A1402. STONE EXCHANGE, INC. v. SURFACE TECHNOLOGY CORPORATION OF GEORGIA.
(605 SE2d 404)

RUFFIN, Presiding Judge.

Stone Exchange, Inc. appeals the trial court's denial of its motion to set aside a default judgment. For reasons that follow, we reverse.[1]

---

[1] Surface Technology Corporation of Georgia maintains that this appeal is frivolous and

Absent an abuse of discretion, we will not reverse a trial court's refusal to set aside a default judgment.[2] Here, the relevant facts are not in dispute. On May 22, 2003, Surface Technology filed a complaint against Stone Exchange, alleging, among other things, that Stone Exchange breached an asset purchase agreement. Shortly before filing the complaint, Surface Technology had corresponded with Stone Exchange's president at Stone Exchange's current correct address. Nevertheless, Surface Technology attempted to serve Stone Exchange through Stone Exchange's registered agent, but was unsuccessful because the registered agent was no longer located at the address listed for the agent at the Secretary of State's office. Surface Technology then obtained substituted service on Stone Exchange through the Secretary of State's office pursuant to OCGA § 9-11-4 (e) (1).

On September 16, 2003, the trial court entered a default judgment against Stone Exchange for failure to file an answer or other responsive pleadings. On November 24, 2003, Stone Exchange moved to set aside the judgment, arguing that it had not been properly served.

Relying on our decision in *Daly's Driving School v. Scott*,[3] the trial court denied Stone Exchange's motion, finding that substituted service of process was properly made by Surface Technology pursuant to OCGA § 9-11-4 (e) (1). We granted Stone Exchange's application for discretionary appeal.

On appeal, Stone Exchange argues that *Daly's* is distinguishable because Surface Technology, unlike the plaintiff in *Daly's*, had actual knowledge of Stone Exchange's current address and should be required to attempt service at that location. We agree.

Pursuant to OCGA § 14-2-501, each corporation in Georgia must continuously maintain in this state a registered office and a registered agent. And "[a]s a condition of doing business in Georgia" corporations must comply with this statute, which is designed to make it simple for a plaintiff to achieve service on a domestic corporation.[4] Service on a corporation, however, is not restricted to the registered agent. Under OCGA § 9-11-4 (e) (1),

---

that we should impose a penalty against Stone Exchange. However, Surface Technology has not made a motion pursuant to Court of Appeals Rule 15 (b), and, given our holding in this case, Stone Exchange's appeal obviously is not frivolous.

[2] See *Smith v. Wood*, 174 Ga. App. 799 (1) (331 SE2d 636) (1985).

[3] 238 Ga. App. 443 (519 SE2d 1) (1999).

[4] *American Consolidated Svc. Corp. v. Nationwide Mut. Ins. Co.*, 156 Ga. App. 193, 195 (1) (273 SE2d 898) (1980).

> [s]ervice shall be made by delivering a copy of the summons attached to a copy of the complaint as follows: (1) If the action is against a corporation . . . **to the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof, provided that when for any reason service cannot be had in such manner, the Secretary of State shall be an agent of such corporation upon whom any process, notice, or demand may be served.**[5]

Thus, pursuant to OCGA § 9-11-4, substituted service upon the Secretary of State is proper *only* after a plaintiff has attempted to serve the persons listed in the statute and "for any reason" that attempt is unsuccessful.

Here, Surface Technology had actual knowledge of Stone Exchange's current address, had been corresponding with the corporation at that address, and has cited no "reason" that service could not be had at that address on the corporation's president or one of the other persons listed in the statute. And because Surface Technology did not attempt such service, it was not authorized under the statute to resort to substituted service on the Secretary of State. To hold otherwise would violate the clear language of OCGA § 9-11-4 (e) (1).

Our opinion in *Daly's* does not require a different result. In *Daly's*, we addressed the difference between OCGA §§ 14-2-504 and 9-11-4 with respect to due diligence. Scott sued Daly's Driving School and attempted to serve Daly's at its registered office. When such service was unsuccessful because the address was incorrect, Scott served the Secretary of State pursuant to OCGA § 9-11-4 and later obtained a default judgment. Daly's moved to set aside the judgment, arguing that Scott knew that the school was no longer doing business at its registered office and that it could have located the agent simply by calling the school. Scott argued, on the other hand, that he would have had to take the affirmative steps, i.e., exercise due diligence, to locate the agent, and that due diligence was not required under OCGA § 9-11-4.

The trial court denied the motion, and we affirmed. We noted that OCGA § 14-2-504 authorizes service on a corporation by registered or certified mail when the corporation has no registered agent or the registered agent cannot with reasonable diligence be served. Given the reasonable diligence requirement in this provision, we found that Scott would have been required to exercise due diligence had he sought service through OCGA § 14-2-504. Scott, however,

---

[5] (Emphasis supplied.)

availed himself of OCGA § 9-11-4, which does not require due diligence, and we specifically found that these two sections provide alternative service methods.

Like the plaintiff in *Daly's*, Surface Technology served process through OCGA § 9-11-4 (e) (1). Unlike the situation in *Daly's*, however, Surface Technology had actual knowledge of Stone Exchange's current address and there was no "reason" for it to resort to substituted service on the Secretary of State without attempting service at that address. Under these facts, Surface Technology's service on the Secretary of State violated the language of OCGA § 9-11-4 (e) (1).[6]

To the extent *Daly's* suggests that, without exception, substituted service on the Secretary of State is permitted whenever a corporation fails to maintain a registered office or personal service cannot be affected there, we disapprove of that opinion. Although substituted service often may be appropriate when a corporation fails to comply with the registered agent requirements, we cannot find such service sufficient when the plaintiff has actual knowledge of the corporation's current correct address and the location of corporate officers who may be properly served under OCGA § 9-11-4 (e) (1).

*Judgment reversed. Smith, C. J., Andrews, P. J., Johnson, P. J., Blackburn, P. J., Eldridge, Barnes, Miller, Ellington, Phipps, Mikell and Adams, JJ., concur.*

DECIDED SEPTEMBER 29, 2004.

*Berger, Collier & Loewenthal, Gordon M. Berger, Glenn A. Loewenthal*, for appellant.
*Schulten, Ward & Turner, Dean R. Fuchs*, for appellee.

---

[6] We also note that substituted service under these facts appears to raise due process concerns. See *Abba Gana v. Abba Gana*, 251 Ga. 340, 343 (304 SE2d 909) (1983). However, we do not address such concerns since they were not raised below.