A07A1457. TC DRYWALL & PLASTER, INC. v. EXPRESS RENTALS, INC.
(653 SE2d 70)

BARNES, Chief Judge.

TC Drywall & Plaster, Inc. (TC Drywall) appeals the trial court's denial of its motion to set aside default judgment. TC Drywall claims the trial court erred by granting a default judgment to Express Rentals, Inc. after only attempting service on TC Drywall's registered agent before resorting to service on the Secretary of State. For the reasons that follow, we agree and reverse.

Absent an abuse of discretion, we will not reverse a trial court's refusal to set aside a default judgment. *Stone Exchange v. Surface Technology Corp. of Ga.*, 269 Ga. App. 770 (605 SE2d 404) (2004). Express Rentals, Inc. d/b/a Recheck ("Express Rentals") is the assignee of Rey Coliman Contractors, Inc. ("Rey Coliman"). Express Rentals filed a suit on account against TC Drywall. Express Rentals attempted to serve TC Drywall at the address of its registered agent listed with the Georgia Secretary of State, but the address was outdated. TC Drywall admits it did not update its address with the Secretary of State when it moved two years ago. After service on the registered agent failed, Express Rentals served the Secretary of State's office, under OCGA § 9-11-4 (e) (1). TC Drywall was never served with the complaint and the trial court entered a default judgment against it for $95,993.16 and $4,319.92 in interest.

---

1. TC Drywall claims that Express Rentals, through Rey Coliman, had actual personal knowledge of the location of TC Drywall's officers, making service upon the Secretary of State's office premature. The record shows that Marcus Valasco, president of Rey Coliman, the assignor, knew the current address of TC Drywall's president and its registered agent because he had gone to the office on various occasions to pick up checks. Rey Coliman's knowledge of TC Drywall's correct address can be imputed to its assignee, Express Rentals. "[A]n assignee takes the assignment subject to [the] defenses against the assignor." (Citation omitted.) *Pridgen v. Auto-Owners Ins. Co.*, 204 Ga. App. 322, 323 (419 SE2d 99) (1992). Rather than attempt service at the known current address, Express Rentals attempted service at the outdated address of TC Drywall's registered agent.

OCGA § 9-11-4 (e) (1) provides that if an action is against a corporation, service shall be made

> to the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof, provided that when for any reason service cannot be had in such manner, the Secretary of State shall be an agent of such corporation upon whom any process, notice, or demand may be served.

However, a plaintiff cannot substitute service upon a corporation by serving the Secretary of State under that statute when the plaintiff has actual knowledge of the corporation's location. *Stone Exchange*, supra, 269 Ga. App. at 773. Here, upon the failure of serving the registered agent, Express Rentals easily could have served TC Drywall's president at his office; instead, it resorted to serving the Secretary of State without showing any reason why another agent or officer of TC Drywall could not be served.

Substituted service "is proper *only* after a plaintiff has attempted to serve the persons listed in the statute. . . ." *Stone Exchange*, supra, 269 Ga. App. at 772. Accordingly, because Express Rentals had actual knowledge through its assignee of TC Drywall's location and failed to attempt service at that known address before serving the Secretary of State, the trial court erred in denying TC Drywall's motion to set aside.

2. In light of the foregoing, it is unnecessary for us to address TC Drywall's remaining enumeration of error.

*Judgment reversed. Smith, P. J., and Miller, J., concur.*

DECIDED SEPTEMBER 24, 2007.

*Quirk & Quirk, Melissa A. Carperos*, for appellant.
*Charles M. Gisler*, for appellee.