## A08A0927. BROCK BUILT CITY NEIGHBORHOODS, LLC v. CENTURY FIRE PROTECTION, LLC.
### (671 SE2d 240)

MIKELL, Judge.

Brock Built City Neighborhoods, LLC ("Brock Built") appeals from the trial court's entry of default judgment against it and in favor of Century Fire Protection, LLC ("Century"), contending that it was not properly served with the complaint. We agree and reverse.

The record demonstrates that on April 2, 2007, Century filed a complaint in Cobb County Superior Court against Brock Built, alleging breach of contract. The matter was then turned over to the

---

Cobb County Sheriff for service upon Brock Built's registered agent, Steven M. Brock, at the address listed with the Secretary of State, which was also Mr. Brock's home address. According to an affidavit filed by plaintiff's counsel, the sheriff's office attempted service on two occasions, on or around April 24, 2007, but was unsuccessful. On May 1, 2007, a private process server attempted to serve Mr. Brock at Brock Built's principal place of business and was told by the receptionist that Mr. Brock was not in and that "they did not know when [he] would be in." The process server attempted service at the same location two additional times, but was unsuccessful. On May 7, 2007, the process server attempted service at Mr. Brock's home address. A vehicle was in the driveway, but no one answered the door. That process server opined that Mr. Brock was aware of the lawsuit and purposefully avoiding service. On May 15, 2007, a second process server attempted service at Mr. Brock's home, but there was no answer. The process server returned to Mr. Brock's home two days later and spoke to his daughter who stated that "Mr. Brock did live there[,] but that he was not home [and] she did not know when he would be home, and that she did not know where he worked." The process server noticed multiple vehicles in the driveway and opined that Mr. Brock was aware of the lawsuit and appeared to be concealing himself to avoid service. On June 7, 2007, Century filed a motion for service by publication. The trial court granted the motion on June 19, 2007, on the ground that it appeared Mr. Brock was concealing himself to avoid service. Proof of publication was filed on June 22, 2007. On September 20, 2007, the trial court declared that the "Defendant has been served by publication of summons as required by law." On October 1, 2007, Century moved for the entry of a default judgment. The trial court granted the motion on October 18, 2007. Following a damages hearing on November 12, 2007, the trial court entered default judgment in favor of Century in the amount of $99,630.68. On November 20, 2007, Brock Built filed a motion to set aside judgment. Brock Built filed a notice of appeal of the grant of default judgment on December 6, 2007, before the trial court could rule on the pending motion to set aside judgment.[1]

1. Brock Built contends that the trial court erred in authorizing service by publication because Century never attempted service on Brock Built or on the Secretary of State, as required by OCGA § 9-11-4 (e). We agree.

---

[1] We note that the entry of default judgment constitutes a final judgment and is directly appealable pursuant to OCGA § 5-6-34 (a) (1) without the filing of a motion to set aside the default. See *Camelback Mgmt. Co. v. Phoenix Periodicals*, 192 Ga. App. 101, 102 (1) (383 SE2d 651) (1989).

OCGA § 9-11-4 (e) (1) provides for personal service upon a corporation as follows:

> service shall be made by delivering a copy of the summons attached to a copy of the complaint as follows: (1) If the action is against a corporation incorporated or domesticated under the laws of this state or a foreign corporation authorized to transact business in this state, to the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof, provided that when for any reason service cannot be had in such manner, the Secretary of State shall be an agent of such corporation upon whom any process, notice, or demand may be served.[2]

Subsection (f) allows for service by publication and by mail where the person on whom service is to be made conceals himself to avoid service of process. Subsection (j) states that "[t]he methods of service provided in this Code section are cumulative and may be utilized with, after, or independently of other methods of service."

Contrary to Century's contention otherwise, this case is controlled by our holding in *Stone Exchange v. Surface Technology Corp. of Ga.*,[3] which involved a similar situation. In that case, the plaintiff sued the defendant for breach of an asset agreement. Even though the plaintiff knew the defendant's current correct business address, it attempted unsuccessfully to serve the defendant through its registered agent at an old address listed for the agent at the Secretary of State's office.[4] The plaintiff then obtained substituted service through the Secretary of State's office pursuant to OCGA § 9-11-4 (e) (1). Subsequently, the trial court entered a default judgment against the defendant and denied its motion to set aside the judgment.[5] We reversed, ruling that "pursuant to OCGA § 9-11-4, substituted service upon the Secretary of State is proper *only* after a plaintiff has attempted to serve the persons listed in the statute and 'for any reason' that attempt is unsuccessful."[6] In that case, the plaintiff had actual knowledge of the defendant's current address, had been corresponding with the corporation at that address, and had cited no "reason" that service could not be had at that address

---

[2] See also OCGA § 14-11-209 (f) (service upon limited liability company).
[3] 269 Ga. App. 770 (605 SE2d 404) (2004).
[4] Id. at 771.
[5] Id.
[6] (Emphasis in original.) Id. at 772.

on the corporation's president or *one·of the other persons* listed in the statute.[7]

Similarly, in this case, Century had actual knowledge of Brock Built's business address and had attempted, albeit unsuccessfully, to serve Mr. Brock several times at that location. Century contends that since Mr. Brock purposefully concealed himself to avoid personal service, the trial court was authorized to allow service by publication under OCGA § 9-11-4 (f) (1). *Stone Exchange* holds otherwise. Substituted service is proper *only* after the plaintiff has attempted to serve the persons listed in the statute and "for any reason" that attempt is unsuccessful. Like the plaintiff in *Stone Exchange*, Century has cited no reason that service could not be had at Brock Built's address on *one of the other persons* listed in the statute, i.e., another officer of the corporation, secretary, cashier, managing agent, or other agent of the corporation. Century only attempted service on Mr. Brock. Accordingly, the trial court was not authorized to permit any form of substituted service.

This result is not altered by the fact that Mr. Brock's home address was listed with the Secretary of State's office. In *Stone Exchange*, we specifically disapproved ·the rule that "substituted service on the Secretary of State is permitted whenever a corporation fails to maintain a registered office or personal service cannot be affected there[,]" finding such service insufficient when the plaintiff has actual knowledge of the corporation's current address.[8] Here, Century had actual knowledge of Brock Built's business address and even attempted service at that location. Century should have attempted to serve the other persons listed in the statute before seeking substituted service.[9]

Even if Century had attempted unsuccessfully to serve another person at Brock Built's principal place ·of business, service by publication would not have been proper.

> If service cannot be had on the president or other officer or agent in an action against a corporation, OCGA § 9-11-4 (d) (1) provides that the Secretary of State shall be an agent of such corporation upon whom process may be served. . . .

---

[7] Id.

[8] Id. at 773, disapproving *Daly's Driving School v. Scott*, 238 Ga. App. 443, 444 (519 SE2d 1) (1999).

[9] See, e.g., *TC Drywall & Plaster v. Express Rentals*, 287 Ga. App. 624, 625 (1) (653 SE2d 70) (2007) (reversing trial court's refusal to set aside default judgment where plaintiff resorted to serving the Secretary of State without showing any reason why another agent or officer of the defendant corporation could not be served).

Service by publication under OCGA § 9-11-4 (e) is not proper.[10]

Century contends that substitute service on the Secretary of State is not mandatory and "the issue in this case is not whether Century could find Brock Built for service, but that Century could not serve Brock Built's Registered Agent and President due to Mr. Brock's concealment." Century further contends that *Kannady* merely determined that service by publication was not proper under the facts of that case since there was no evidence of concealment. We do not agree.

Pretermitting whether service on the Secretary of State is mandatory, the law is clear that substituted service of any method is proper *only* after the plaintiff has attempted to serve the persons listed in the statute and "for any reason" that attempt is unsuccessful. As Brock Built correctly points out, service by publication, a wholly unreliable method of service, is not authorized where personal service, through the Secretary of State, could have been made.[11] Since personal service could have been made in this case, we need not consider the issue of concealment.

"[I]n the absence of service in conformity with [Code section 9-11-4 (e)], or the waiver thereof, no jurisdiction over the defendant is obtained by the court, and any judgment adverse to the defendant is absolutely void."[12] Since we find service defective in this case, the default judgment is absolutely void.[13]

2. Brock Built's remaining enumerations of error are moot in light of our analysis in Division 1, supra.

*Judgment reversed. Smith, P. J., and Adams, J., concur.*

---

[10] *Kannady v. State Farm &c. Ins. Co.*, 214 Ga. App. 492, 494 (2) (448 SE2d 374) (1994). See *Todd v. Harnischfeger Corp.*, 177 Ga. App. 356, 357 (340 SE2d 22) (1985) (under former Code Ann. §§ 81A-104 (e) (1) and 22-403 (b) (now OCGA §§ 9-11-4 (e) (1) and 14-11-209) service by publication on foreign corporation – duly registered with the Secretary of State's office – is invalid absent showing that reasonable diligence had failed to reveal presence of corporation's registered agent at registered office and that complaint was served on Secretary of State). See also *Piggly-Wiggly Ga. Co. v. May Investing Corp.*, 189 Ga. 477, 480-490 (3) (6 SE2d 579) (1939) (statute authorizing service by publication on corporation having *no place of business* or "individuals in office upon whom service . . . may be perfected within the knowledge of any complainant" violated due process clause).

[11] See *Abba Gana v. Abba Gana*, 251 Ga. 340, 343 (1) (304 SE2d 909) (1983) ("[service] by publication is a notoriously unreliable means of actually informing interested parties about pending suits") (citations omitted); *Melton v. Johnson*, 242 Ga. 400, 404 (249 SE2d 82) (1978) ("[s]ervice by publication and by mail does not provide due process when personal service could have been made") (citation omitted).

[12] (Citation omitted.) *DeJarnette Supply Co. v. F. P. Plaza, Inc.*, 229 Ga. 625, 626 (4) (193 SE2d 852) (1972).

[13] *Dotson v. Luxtron, Inc.*, 155 Ga. App. 504, 505 (271 SE2d 644) (1980), citing *Cook v. Bright*, 150 Ga. App. 696, 699-700 (258 SE2d 326) (1979).

DECIDED OCTOBER 30, 2008 —
RECONSIDERATION DENIED DECEMBER 12, 2008.

*Roberts & Daughdrill, Brian E. Daughdrill*, for appellant.
*Weissmann & Zucker, Kamyar Molavi*, for appellee.