### A09A0173. ANTHONY HILL GRADING, INC. v. SBS INVESTMENTS, LLC.
(678 SE2d 174)

ELLINGTON, Judge.

Anthony Hill Grading, Inc. ("AHG") appeals from the trial court's denial of its motion for reconsideration[1] of the court's order setting aside a default judgment in favor of AHG and against SBS Investments, LLC. AHG contends that the court erred in setting aside the default judgment and denying the motion for reconsideration, arguing that AHG had fulfilled all of the requirements for proper service under OCGA § 14-11-209 (f). For the following reasons, we affirm.

In the absence of proper service of a complaint or the waiver thereof, "no jurisdiction over the defendant is obtained by the court, and any judgment adverse to the defendant is absolutely void." (Punctuation and footnote omitted.) *Brock Built City Neighborhoods v. Century Fire Protection*, 295 Ga. App. 205, 209 (1) (671 SE2d 240) (2008) ("*Brock Built*"). "A trial court's finding of insufficient service of process will be upheld on appeal absent a showing of an abuse of discretion. Factual disputes regarding service are to be resolved by the trial court, and the court's findings will be upheld if there is any evidence to support them." (Citations, punctuation and emphasis omitted.) *Patel v. Sanders*, 277 Ga. App. 152, 153 (1) (626 SE2d 145) (2006).

The record shows the following. AHG entered into a subcontract agreement with a third party to provide labor and materials for a construction project on property owned by SBS, located at 3006 Clairmont Road, Atlanta ("the property"). When the third party failed to pay AHG the principal amount of $79,484.09 for labor and materials provided by AHG for improvement of the property, AHG

---

[1] This Court granted AHG's application for interlocutory review. See OCGA § 5-6-34 (b); *Mayor &c. of Savannah v. Norman J. Bass Constr. Co.*, 264 Ga. 16, 17 (1) (441 SE2d 63) (1994) ("an order denying a motion for reconsideration is an interlocutory order that, just as any other interlocutory order, can be the subject of an application for interlocutory appeal if a certificate of immediate review is obtained from the trial court") (citations omitted).

filed a claim of lien on the property. An arbitrator subsequently awarded AHG $120,283.46 in principal, interest, fees, and expenses.

On June 26, 2006, AHG filed a complaint against SBS asking for a special lien against the property in the amount of $79,484.09 plus costs. Three days later, a sheriff's deputy attempted to serve SBS's registered agent, Surinder Bahl, at SBS's principal place of business, "1955 Cliff Valley Way, Suite 235, Atlanta, GA 30329," but there was no "Suite 235" or SBS office at that location. AHG then mailed the complaint to the Georgia Secretary of State's office. SBS failed to file an answer and, on December 15, 2006, the State Court of DeKalb County entered a default judgment in favor of AHG.

On January 7, 2008, SBS filed a motion to set aside the default judgment, arguing that AHG had failed to perfect service on SBS. In an affidavit attached to the motion, Bahl, who was also SBS's CEO, asserted that his office and the offices of SBS have been located at 3006 Clairmont Road in Atlanta, the location of the property at issue here, since that building was completed in late 2005. According to the affidavit, at all times during the construction of the building, AHG "has known that it was the intention of SBS . . . to move into the building they were constructing[, and that SBS] is not a real estate developer." Bahl also asserted that, in January 2005, he told Anthony Hill, the principal officer of AHG, that he (Bahl) needed AHG to complete its work on the building so that SBS could move into the building and out of the space it was occupying. He also averred that he told Hill in January 2006 that SBS had moved into the building.[2]

AHG responded to the motion and claimed that, on July 7, 2006, it had effected service on SBS pursuant to OCGA § 14-11-209 (f) by "sending a copy of the Summons & Complaint to the Georgia Secretary of State's office and, simultaneously, to SBS by statutory overnight delivery (Federal Express) at the address" for its registered office as listed in the Georgia Secretary of State's online database. AHG also argued that SBS had failed to prove that it (AHG) had actual knowledge of the address of SBS's offices when it filed the complaint.

Following a hearing, the trial court granted SBS's motion to set aside, finding that AHG's submission to the Secretary of State for

---

[2] In addition to this evidence of AHG's actual knowledge of SBS's address at the time it (AHG) filed the complaint, the record also contains an affidavit by an attorney whose firm had represented SBS in the past. According to the affidavit, in May 2006, the attorney received an e-mail about this case, but the e-mail had actually been intended for another attorney who had the same name. The attorney averred that he notified the sender of the e-mail and the law firm representing AHG that the address of SBS and its registered agent, Bahl, was "3006 Clairmont Road, NE, Atlanta, Georgia 30329."

service of process on SBS did not comply with OCGA § 14-11-209 (f), because AHG "failed to supply the Secretary of State with two copies of the process and it failed to state or certify the required information." AHG filed a motion for reconsideration of the court's order, which the court denied on July 8, 2008.

1. On appeal, AHG contends that the trial court erred in setting aside the default judgment against SBS and in denying AHG's motion to reconsider that order. Specifically, it argues that the court erred in finding that it had failed to perfect service on SBS, a limited liability company, and contends that the record shows that it had effected service under OCGA § 14-11-209 (f) through substituted service on the Georgia Secretary of State's office. Under OCGA § 14-11-209 (f),

> Whenever a limited liability company shall fail to appoint or maintain a registered agent in this state or whenever its registered agent cannot with reasonable diligence be found at the registered office, then the Secretary of State shall be an agent of such limited liability company upon whom any process, notice, or demand may be served. Service on the Secretary of State of any such process, notice, or demand shall be made by delivering to and leaving with him or her or with any other person or persons designated by the Secretary of State to receive such service *two copies of such process, notice, or demand.* The plaintiff or his or her attorney *shall certify in writing* to the Secretary of State that the limited liability company failed either to maintain a registered office or appoint a registered agent in this state *and* that he or she has forwarded by registered or certified mail or statutory overnight delivery such process, notice, or demand to the most recent registered office listed on the records of the Secretary of State *and* that service cannot be effected at such office.

(Emphasis supplied.)

As shown above, AHG sent, by overnight mail, a copy of the summons, complaint and other documents to the Secretary of State's office. There is nothing in the record, however, that shows AHG sent *two copies* of the summons and complaint to the Secretary of State, as required by OCGA § 14-11-209 (f). Nor does the record contain the required written certification by AHG or its counsel stating that, before AHG served the documents on the Secretary of State's office, AHG had "forwarded by registered or certified mail or statutory overnight delivery such process, notice, or demand to the most recent registered office listed on the records of the Secretary of State

and . . . service cannot be effected at such office."[3] OCGA § 14-11-209 (f). In fact, in AHG's brief in opposition to SBS's motion to set aside the default judgment, AHG affirmatively stated that it effected service on SBS

> through the Georgia Secretary of State, [by] sending *a copy* of the Summons & Complaint to the Georgia Secretary of State's office and, *simultaneously*, to SBS by statutory overnight delivery (Federal Express) at the address listed in the Georgia Secretary of State's on-line database for its registered office.[4]

(Emphasis supplied.) Thus, AHG's own judicial admissions show that it failed to comply with the express requirements of OCGA § 14-11-209 (f).

Accordingly, the trial court did not abuse its discretion in granting SBS's motion to set aside the default judgment and in denying AHG's motion for reconsideration on the basis that AHG had failed to comply with OCGA § 14-11-209 (f).

2. Service under OCGA § 14-11-209 (f) is not, however, "the only means, or necessarily the required means, of serving any process, notice, or demand required or permitted by law to be served on a limited liability company." OCGA § 14-11-209 (h). Plaintiffs may also serve limited liability companies pursuant to OCGA § 9-11-4 (e) (1), which states, in relevant part, that service shall be made by delivering a copy of the summons attached to a copy of the complaint as follows:

> If the action is against a corporation incorporated or domes-ticated under the laws of this state . . . , to the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof, provided that when *for any reason service cannot be had in such manner*, the Secretary of State shall be an agent of such corporation upon whom any process, notice, or demand may be served. Service on the Secretary of State of any such process, notice, or

---

[3] Although AHG did not provide the requisite certification prior to the hearing on SBS's motion to set aside, the record shows that AHG attached the affidavit of its counsel to its motion for reconsideration. The affidavit states that counsel forwarded "a copy" of the summons and complaint by statutory overnight delivery to the last known address of SBS's registered agent, Bahl, but it does not say when counsel sent the documents, nor does it indicate that the documents were returned as undeliverable at that address.

[4] AHG's appellate brief also admits that AHG sent a copy of the summons and complaint to SBS by overnight delivery *simultaneously* with its substituted service on SBS through the Secretary of State's office.

> demand shall be made by delivering to and leaving with him or her or with any other person or persons designated by the Secretary of State to receive such service a copy of such process, notice, or demand, along with a copy of the affidavit to be submitted to the court pursuant to this Code section. The plaintiff or the plaintiff's attorney shall certify in writing to the Secretary of State that he or she has forwarded by registered mail or statutory overnight delivery such process, service, or demand to the last registered office or agent listed on the records of the Secretary of State, that service cannot be effected at such office, and that it therefore appears that the corporation has failed either to maintain a registered office or to appoint a registered agent in this state.

(Emphasis supplied.) This Court has previously held that, pursuant to OCGA § 9-11-4 (e) (1), when a plaintiff has actual knowledge of the current business address of the defendant, "substituted service upon the Secretary of State is proper *only* after [the] plaintiff has attempted to serve the persons listed in the statute and 'for any reason' that attempt is unsuccessful." (Footnote omitted; emphasis in original.) *Stone Exchange, Inc. v. Surface Technology Corp. of Ga.*, 269 Ga. App. 770, 771-773 (605 SE2d 404) (2004) ("*Stone Exchange*") (specifically disapproving of the language in *Daly's Driving School v. Scott*, 238 Ga. App. 443, 444 (519 SE2d 1) (1999), which suggested that, without exception, substituted service on the Secretary of State under OCGA § 9-11-4 is permitted whenever a corporation fails to maintain a registered office or personal service cannot be effected there). See also *Brock Built*, 295 Ga. App. at 208 (1) (accord).

In both *Brock Built* and *Stone Exchange*, the plaintiffs had actual knowledge of the defendants' current business addresses, yet unsuccessfully attempted to serve the defendants through their registered agents at the address listed for the agents at the Secretary of State's office. *Brock Built*, 295 Ga. App. at 208 (1); *Stone Exchange*, 269 Ga. App. at 771-772. Later, when the defendants claimed that service had been insufficient, neither plaintiff cited to any reason that they could not have served the president of the corporations, another officer of the corporations, or any of the other people listed in OCGA § 9-11-4 (e) (1) at that current address. *Brock Built*, 295 Ga. App. at 208 (1); *Stone Exchange*, 269 Ga. App. at 772. This Court held that, absent such a threshold showing, the plaintiffs had not been authorized to utilize any form of substituted service. *Brock Built*, 295 Ga. App. at 208 (1); *Stone Exchange*, 269 Ga. App. at 773.

In this case, the evidence in the record supports a finding that AHG had actual knowledge of SBS's current business address at the time it filed the suit, yet there is no evidence that AHG attempted to serve anyone at that address before obtaining substituted service through the Secretary of State's office, nor has AHG cited to any reason that it could not have served any of the officers, employees or agents of SBS that are listed in OCGA § 9-11-4 (e) (1). Under these circumstances, AHG was not authorized to obtain substituted service through the Secretary of State's office under OCGA § 9-11-4 (e) (1). *Brock Built*, 295 Ga. App. at 208 (1); *Stone Exchange*, 269 Ga. App. at 773; see also *TC Drywall & Plaster v. Express Rentals*, 287 Ga. App. 624, 625 (1) (653 SE2d 70) (2007) (reversing trial court's refusal to set aside default judgment where plaintiff resorted to serving the Secretary of State without showing any reason why another agent or officer of the defendant corporation could not be served).

Consequently, the record supports a finding that AHG failed to perfect service on SBS in conformity with OCGA § 9-11-4 (e) (1). In the absence of such service or the waiver thereof, the trial court never obtained jurisdiction over SBS, and any judgment adverse to SBS was void. *Brock Built*, 295 Ga. App. at 209 (1). Therefore, the court did not abuse its discretion in setting aside the default judgment against SBS or in denying AHG's motion for reconsideration of the order. Id.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED MAY 8, 2009.

*Fields, Howell, Athans & McLaughlin, Andrew R. Diamond*, for appellant.

*Benjamin P. Erlitz*, for appellee.