**FIRST DIVISION
BARNES, P. J.,
BROWN and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**February 24, 2023**

# In the Court of Appeals of Georgia

A22A1200. SOPHIA WILLIAMS v. ABEBE SANDY VENTURES, LLC.

BARNES, Presiding Judge.

Sophia Williams filed a complaint against her landlord, Abebe Sandy Ventures, LLC ("ASV"). Several months later, with no defensive pleading having been filed by ASV, Williams moved for a default judgment. The trial court denied the motion, determining that ASV had not been validly served. Williams procured this interlocutory appeal. For the reasons that follow, we reverse the judgment and remand this case for proceedings not inconsistent with this opinion.

These facts are not materially disputed. On March 18, 2021, Williams filed her complaint against ASV, alleging breach of contractual and statutory duties, as well as the commission of various torts. ASV is a Georgia limited liability company with

its principal place of business located at 249 Milton Avenue SE, Atlanta; its registered agent at that address is Mike Abebe.[1]

After unsuccessful attempts by a process server to effect personal service, Williams turned to substitute service upon the Georgia Secretary of State as authorized by OCGA § 9-11-4 (e) (1). About two months later, on June 3, 2021, Williams filed her motion for default judgment. In support thereof, Williams presented the affidavit of the process server describing his unsuccessful efforts at personal service.

ASV opposed the motion, contending that Williams had failed to perfect service. According to ASV, Williams resorted to substitute service upon the Secretary of State without first exerting sufficient diligence at personal service. ASV cited that, in addition to OCGA § 9-11-4 (e) (1), limited liability companies could be served under OCGA § 14-11-209 (f), which provides:

---

[1] See OCGA § 14-11-209 (a) ("Each limited liability company shall continuously maintain in this state: (1) A registered office which may, but need not, be a place of its business in this state; and (2) A registered agent for service of process on the limited liability company. The address of the business office of the registered agent shall be the same as the address of the registered office referred to in paragraph (1) of this subsection.").

2

> Whenever a limited liability company shall fail to appoint or maintain a registered agent in this state or whenever its registered agent cannot with reasonable diligence be found at the registered office, then the Secretary of State shall be an agent of such limited liability company upon whom any process, notice, or demand may be served. . . .

ASV thus posited, "Construing OCGA § 9-11-4 (e) (1), *in pari materia* with OCGA § 14-11-209 (f), substitute service on the Secretary of State cannot be made until a diligent effort is made to serve the other parties allowed to be served under OCGA § 9-11-4 (e) (1)." ASV claimed that the record contained "no indication . . . that such an attempt was made" and "no indication . . . that any investigative efforts were expended . . . other than the professional process server's" visits to its registered office. Alternatively, ASV argued that even had it been validly served, the default should be opened pursuant to OCGA § 9-11-55 (b). In its motion to open default, ASV cited an additional statute providing for service, OCGA § 14-2-504, and posited:

> OCGA § 14-2-504 (b) provides, in pertinent part, that, "[i]f a corporation has no registered agent or the agent cannot with reasonable diligence be served, the corporation may be served by registered or certified mail or statutory overnight delivery, return receipt requested, addressed to the secretary of the corporation at its principal office." The

3

question here is whether the Plaintiff used "reasonable diligence" before resorting to substitute service. The answer is no she did not.

After a hearing, the trial court ruled in ASV's favor. In its order entered on September 9, 2021, the court determined,

> Two different statutes address substitute service on the Secretary of State. OCGA § 14-2-504 (b) states "[i]f a corporation has no registered agent or the agent cannot with reasonable diligence be served, the corporation may be served by registered or certified mail or statutory overnight delivery, return receipt requested, addressed to the secretary of the corporation at its principal office[.]"

As the second statutory provision allowing substitute service upon the Secretary of State, the trial court named the provision upon which Williams had actually relied, OCGA § 9-11-4 (e) (1). The court then reasoned, "Reading both statutes together, [Williams] needs to show she exercised reasonable diligence in attempting to serve [ASV]." The court ultimately concluded, "[Williams] has failed to show that the process server exercised due diligence in attempting to obtain personal service on [ASV]. Accordingly, [her] motion for default judgment is DENIED and [ASV's] motion to open default judgment is GRANTED."

In this appeal, Williams contests the trial court's determination of insufficient service. "A trial court's finding of insufficient service of process will be upheld on appeal absent a showing of an abuse of discretion. Such an abuse occurs where the trial court's ruling is unsupported by any evidence of record or where that ruling misstates or misapplies the relevant law." (Citations and punctuation omitted.) *Mathis v. BellSouth Telecommunications*, 301 Ga. App. 881, 881 (690 SE2d 210) (2010). Williams maintains that she perfected service as required by OCGA § 9-11-4 (e) (1) through substitute service upon the Secretary of State, and that the trial court misapplied Georgia law in concluding otherwise.

Williams points out that OCGA § 9-11-4 (e) (1) pertinently provides:

Service shall be made by delivering a copy of the summons attached to a copy of the complaint as follows: If the action is against a corporation incorporated or domesticated under the laws of this state or a foreign corporation authorized to transact business in this state, to the president or other officer of such corporation or foreign corporation, a managing agent thereof, or a registered agent thereof, provided that when *for any reason* service cannot be had in such manner, the Secretary of State shall be an agent of such corporation or foreign corporation upon whom any process, notice, or demand may be served.

5

(Emphasis supplied in Williams's brief.) OCGA § 9-11-4 (e) (1) (A). Williams points out further that this provision may be employed to serve limited liability companies, as well as corporations. See *Anthony Hill Grading, Inc. v. SBS Investments, LLC,* 297 Ga. App. 728, 731 (2) (678 SE2d 174) (2009) ("Plaintiffs may also serve limited liability companies pursuant to OCGA § 9-11-4 (e) (1)[.]").

Williams cites that OCGA § 9-11-4 (e) (1) contains no express "due diligence" nor "reasonable diligence" language; she also cites that the provision explicitly allows for service upon the Secretary of State when "for any reason" service cannot be had by delivering process to its list of identified individuals. Williams argues that she evinced "any reason" through the affidavit testimony of her process server that:

> After attempting to serve process upon [ASV] on March 24, 2021, and March 25, 2021, I was unable to personally deliver a copy of the summons and complaint to [ASV's] president or other officer, a managing agent thereof, or a registered agent thereof at its principal office located at 249 Milton Avenue SE, Atlanta. . . . [ASV's] registered office is staffed by one assistant, who informed me that she is not a registered agent or managing agent of [ASV]. The assistant informed me that she works for Mr. Mike Abebe, the owner and registered agent for [ASV], and that Mr. Abebe works at this office. Each time I attempted to deliver a copy of the summons and complaint I was informed that Mr. Abebe was not in the office. I was told that Mr. Abebe was rarely in the office and would likely not be returning to the office for at least a couple

of weeks. I inquired as to whether there were any other managing agents of [ASV] who could be served and was informed that there was one other managing agent who worked at the office but that he was also unavailable and rarely in the office. When I inquired as to whether there was any other address where I would be able to deliver the documents to the president or other officer or managing agent of [ASV], I was told that she was unable to provide me with an address at this time.

(Paragraph numbering omitted.)

Williams acknowledges that OCGA § 9-11-4 (e) (1) does not provide the sole method of serving a limited liability company. However, she complains that the trial court – rather than applying the statutory provision upon which she relied – "substituted its own judgment for that of the legislature" by employing analysis determinative of a different statute, OCGA § 14-2-504. Contending that doing so was error, Williams recites the principle: "These two Code sections provide 'alternative' service methods." *Daly's Driving School v. Scott*, 238 Ga. App. 443, 445 (519 SE2d 1) (1999) (reviewing OCGA § 9-11-4 (d)[2] and 14-2-504 (b)), disapproved in part on other grounds, *Stone Exchange v. Surface Tech. Corp.*, 269 Ga. App. 770, 773 (605

---

[2] The statutory language pertinent in *Daly's Driving School* has since been re-designated as OCGA § 9-11-4 (e) (1). See Ga. L. 2013, p. 591, § 1; Ga. L. 2000, p. 1225, § 1; Ga. L. 1989, p. 364-366, § 1.

7

SE2d 404) (2004). Williams thus seeks reversal of the trial court's judgment, and a remand of the case for the trial court to apply properly what she insists is the relevant Code provision, OCGA § 9-11-4 (e) (1).

Williams is correct in that the Georgia "Civil Practice Act [of which OCGA § 9-11-4 (e) (1) is a part] and the Georgia Business Corporation Code [of which OCGA § 14-2-504 (b) is a part] provide alternative methods for obtaining substituted service of process in lieu of personal service on corporate officers or agents." *Daly's Driving School*, 238 Ga. App. at 443.[3] See *Ticor Constr. Co. v. Brown*, 255 Ga. 547, 549 (3) (340 SE2d 923) (1986) (per curiam) (reiterating that "the methods of service set out in the Civil Practice Act, OCGA § 9-11-1 et seq., and the Georgia Business Corporation Code, OCGA § 14-2-1 et seq., are *discrete* methods of service upon corporations," and that "a plaintiff may serve a defendant corporation by following the directions of the Civil Practice Act *or* by following the directions of the Georgia Business Corporation Code") (emphasis supplied), quoting *Bricks v. Walker Showcase*, 255 Ga. 122, 123-124 (336 SE2d 37) (1985); *O'Neal Constr. Co. v. Lexington Developers*, 240 Ga. 376, 378 (240 SE2d 856) (1977) (discerning that "[the

---

[3] See OCGA §§ 9-11-85 ("This chapter may be known and cited as the 'Georgia Civil Practice Act.'"); 14-2-101 ("This chapter shall be known and may be cited as the 'Georgia Business Corporation Code.'").

substitute service of process] provision in the Corporation Code is designed to be cumulative with the [Civil Practice Act]"). Indeed, the General Assembly has been clear. OCGA § 9-11-4 includes the instructive provision that:

> The methods of service provided in this Code section are cumulative and may be utilized with, after, *or independently* of other methods of service. Whenever a statute provides for another method of service, service may be made under the circumstances and in the manner prescribed by the statute *or under any other methods prescribed in this Code section*.

(Emphasis supplied.) OCGA § 9-11-4 (j). Reciprocally, OCGA § 14-2-504 includes the instructive provision, "This Code section does *not* prescribe the only means, or necessarily the required means, of serving a corporation." (Emphasis supplied.) OCGA § 14-2-504 (c).[4] Accordingly, when a court is assessing whether service has been perfected in a particular case, "[that court] must judge the sufficiency of service in accordance with the mode of service attempted, as different types are permitted by applicable statutes." *Lexington Developers v. O'Neal Constr. Co.*, 142 Ga. App. 434,

---

[4] Likewise, OCGA § 14-11-209, one of the Code provisions referenced by ASV as detailed above, has a similar provision: "This Code section does not prescribe the only means, or necessarily the required means, of serving any process, notice, or demand required or permitted by law to be served on a limited liability company." OCGA § 14-11-209 (h).

438 (1) (236 SE2d 98) (1977), rev'd in part on other grounds, *O'Neal Constr. Co. v. Lexington Developers*, 240 Ga. 376 (240 SE2d 856) (1977).

Here, Williams availed herself of the service mode provided by OCGA § 9-11-4 (e) (1). But as the order contested reveals, the trial court failed to apply properly that Code provision, employing instead analysis pursuant to OCGA § 14-2-504 (b). Because the trial court thus misapplied the relevant law, the judgment cannot stand. See *Mathis*, 301 Ga. App. at 881 (explaining that where a trial court assesses the sufficiency of service of process, "an abuse [of discretion] occurs where the trial court's ruling . . . misstates or misapplies the relevant law").

In so concluding, we have rejected ASV's position that the trial court's decision be upheld under *Brock Built City Neighborhoods, LLC v. Century Fire Protection*, 295 Ga. App. 205 (671 SE2d 240) (2008), and *Stone Exchange*, 269 Ga. App. 770. Those cases determined that substitute service upon the Secretary of State was insufficient for purposes of OCGA § 9-11-4 (e) (1), but did so under circumstances not shown to exist here.

> In both *Brock Built* and *Stone Exchange*, the plaintiffs had actual knowledge of the defendants' current business addresses, yet unsuccessfully attempted to serve the defendants through their registered agents *at the [different] address* listed for the agents at the Secretary of

10

State's office. *Brock Built*, 295 Ga. App. at 208 (1); *Stone Exchange*, 269 Ga. App. at 771-772. Later, when the defendants claimed that service had been insufficient, *neither plaintiff cited to any reason* that they could not have served the president of the corporations, another officer of the corporations, or any of the other people listed in OCGA § 9-11-4 (e) (1) at that [*different*] address. *Brock Built*, 295 Ga. App. at 208 (1); *Stone Exchange*, 269 Ga. App. at 772. This Court held that, absent such a threshold showing, the plaintiffs had not been authorized to utilize any form of substituted service.

(Emphasis supplied.) *Anthony Hill Grading, Inc.*, 297 Ga. App. at 732 (2).[5]

Unlike the plaintiffs in the cases cited by ASV, Williams did not rely upon failed service attempts at an address *different* from the actual address of either ASV or its registered agent.[6] Further unlike the plaintiffs in those cases, Williams proffered

---

[5] In *Anthony Hill Grading, Inc.*, 297 Ga. App. at 732 (2), a case also relied upon by ASV, this Court concluded that the plaintiff was not authorized to obtain substitute service through the Secretary of State's office under OCGA § 9-11-4 (e) (1), citing that the evidence showed that the plaintiff had actual knowledge of the defendant's current business address at the time it filed suit, that there was no evidence that the plaintiff had attempted to serve anyone at that address before obtaining substituted service through the Secretary of State's office, and that the plaintiff had failed to cite any reason that it could not have served any of the officers, employees or agents of the defendant listed in OCGA § 9-11-4 (e) (1).

[6] To be sure, ASV presented to the trial court the affidavit testimony of Mike Abebe that he was "the owner of the membership interest in [ASV]," as well as its registered agent and general manager; and that "[t]he principal place of business of [ASV] is located at 249 Milton Avenue S.E., Atlanta[.]"

11

what she maintains amounted to "any reason," for purposes of OCGA § 9-11-4 (e) (1), that personal service could not be had upon individuals contemplated by that statutory provision.[7] Hence, we find that ASV's reliance upon those cases is unavailing.

For all the foregoing reasons, we conclude that the trial court did not properly analyze whether Williams showed, for purposes of OCGA § 9-11-4 (e) (1), that personal service on "[ASV's] president or other officer of such corporation . . . , a managing agent thereof, or a registered agent thereof, . . . for any reason [ ] [could] not be had." OCGA § 9-11-4 (e) (1) (A). And we decline to make such determination in the first instance. See generally *Elrod v. Reliance Dev. Co.*, 350 Ga. App. 113, 117 (2) (828 SE2d 126) (2019) ("Factual disputes regarding service are to be resolved by

---

Abebe averred further that "[a]lthough I was apparently not in the office at the particular times that [Williams's] process server showed up unannounced to my office I am regularly in the office. Had the process server contacted me by email, phone or otherwise, I would have gladly accepted service . . . ." (Paragraph numbering omitted.)

[7] We note that ASV cites language in *Brock Built* that substitute service upon the Secretary of State is proper under OCGA § 9-11-4 (e) (1) "*only* after the plaintiff has attempted to serve the persons listed in the statute and 'for any reason' that attempt is unsuccessful." (Emphasis in original.) *Brock Built*, 295 Ga. App. at 209. In response thereto, as we have set out herein, Williams points to her process server's sworn account of the unsuccessful attempts to effect such service.

the trial court[.]") (citation and punctuation omitted). Therefore, the judgment is reversed, and the case is remanded for the trial court to revisit its analysis not inconsistent with this opinion.[8]

*Judgment reversed and case remanded. Brown and Hodges, JJ., concur.*

---

[8] We intimate no opinion as to the outcome of any issue in this case on remand.